[Civ. No. 5747. First Appellate District, Division Two.—June 4, 1927.]

## THE FINK & SCHINDLER COMPANY (a Corporation), Respondent, v. JOHN GAVROS et al., Appellants.

[1] SALES—ACCOUNTS—EVIDENCE.—In an action for goods sold and delivered, evidence that other work not involved in the suit had been performed by plaintiff is properly excluded, where there is no evidence that the items in the two accounts were confused.

[2] ID.—COMPROMISE—EVIDENCE.—In such action, a discussion of the items of the account by the parties at a meeting held for that purpose did not amount to an attempt at a compromise so as to render statements then made by them inadmissible in evidence.

[3] ID.—PLEADING—FINDINGS—JUDGMENTS.—In such action, the trial court properly entered judgment in part on the findings on the first count pleading the reasonable value of the goods and in part on the findings on the second count pleading the agreed price.

[4] ID.—EVIDENCE—FINDINGS—JUDGMENTS.—In such action, evidence showing that certain fixtures sold and agreed to be installed within ten days by plaintiff were not installed at the time defendants' business had been closed, several months later, and that plaintiff's failure to make such installation was one of the reasons for the failure of defendants' business, was insufficient to support a finding awarding plaintiff the agreed price of the fixtures.

(1) 35 Cyc., p. 566, n. 90.   (2) 22 C. J., p. 312, n. 99.   (3) 33 C. J., p. 1175, n. 83.   (4) 35 Cyc., p. 165, n. 75, p. 169, n. 25.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Stanley Murray, Judge Presiding. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Dahlin & Jackson and Lloyd Peterson for Appellants.

George W. Walker and Russell W. Cantrell for Respondent.

STURTEVANT, J.—The appeal is by the defendants from a judgment rendered against them in an action brought against them by the plaintiff to recover on an account for goods sold and delivered. The plaintiff pleaded its cause of action in two counts. In the first count it pleaded the reasonable value and in the second count it pleaded the agreed price. Each count was for the sum of $1,404. On the first count the plaintiff was by the findings awarded $730, and on the second count it was awarded $599. The services rendered by the plaintiff consisted of installing certain alterations and additions to the premises known as 6294 Mission Street in an attempt to improve it as a restaurant or cafe.

[1] The appellants complain because the trial court excluded evidence to the effect that the respondent had performed other work on the premises at or about the same time as the work which is the subject of this dispute. Conceding that appellant had done so, the two accounts might be confused and commingled by the litigants. Nevertheless the appellants have not called to our attention any ruling made by the trial court that tended to create confusion.

To have gone indiscriminately into other collateral matters would have tended to create, rather than to avoid, confusion.

[2] The appellants also claim that the trial court erred in receiving evidence of an attempt to compromise the dispute. The vice in this contention is that the trial court did not do so. The parties met and discussed the items of the account. Some of the statements made by the respective parties were received in evidence. A matter of compromise was not suggested nor attempted and no evidence on that subject was received.

The last item included in the respondent's bill of particulars was "three oak booths." After the trial was had the appellants made a motion for a new trial and offered affidavits purporting to show the nonexistence of the booths. The motion was denied, and the appellants claim the ruling was error. We will not stop to discuss the contention for it will presently appear that the respondent was not entitled to recover on that item.

[3] The appellants claim that the judgment does not accord with the findings. In support of the point they contend that the trial court should have given its entire award on the first count or on the second count, and should not have given a part of the award on the first count and a part on the second count. The point is without merit.

[4] Finally it is contended by the appellants that the findings are not supported by the evidence. At least in part that contention must be sustained. As appears from the bill of particulars the appellants placed fifteen separate orders with the respondent. The last order was for three oak booths. The uncontradicted evidence is to the effect that said order was placed October 5, 1922. That the price, $390, was agreed upon. That the booths were to be installed in a week or ten days. In February, 1923, the appellants were "closed up." At no time were the booths built. The respondent offered evidence that the booths were not installed because the appellants subsequently countermanded the order. The respondent also offered evidence that when the order was countermanded the lumber had been framed and was ready to be glued together and to be installed, and that all expense in the manufacture had been incurred except the sum of $75. In reply the appellants offered evidence that they never countermanded any

order until after their place of business was closed in February, 1923; that continuously after the order was placed they requested the respondent to install the booths but they were not installed, and the fact that they were not installed was one of the reasons for the failure of the venture of the appellants. To this evidence the respondent made no reply. When the trial court ordered judgment the expression used was "that plaintiff be granted judgment herein as prayed." A judgment according to that order would have included the full price, $390, for the booths, nevertheless counsel drew findings deducting $75 apparently as an allowance on the booths. Under such a set of facts the respondent was not entitled to make any charge whatever for the booths. (35 Cyc. 169, 175.) It follows that the allowance contained in the findings, $599, covering the agreed price on part of the goods, was excessive to the extent of $315.

The judgment is modified by deducting therefrom $315, and as so modified it is affirmed. The appellants will recover their costs incurred on this appeal.

Koford, P. J., and Nourse, J., concurred.