[Civ. No. 1345.   Fourth Appellate District.—June 7, 1935.]

BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. C. A. JOHNSON et al., Appellants.

C. A. JOHNSON et al., Appellants, v. BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

C. L. Claflin and J. R. Dorsey for Appellants.

Borton & Petrini for Respondents.

BARNARD, P. J.—The appellants were the lessees of property in Bakersfield known as the Southern Hotel. The respondent bank owned this property and held a chattel mortgage on the furniture and fixtures therein as security for rents. The respondents sold the furniture and fixtures under the chattel mortgage and, after applying the proceeds to the rentals due, brought this action to recover the balance. The appellants filed a cross-complaint alleging a conversion of the property sold and asking judgment for the value of the same. They also filed a separate action to the same effect. The two actions were tried together and have been consolidated on this appeal.

The court found that the sale under the mortgage was void and that the respondents were liable to the appellants for the value of the property sold. After applying the amount found to be the value of the property to the amount of the rents due, judgment for the balance was entered in favor of the respondents and this appeal followed.

The main contention is that the evidence is not sufficient to sustain a finding that the value of the property sold was $12,000. In this connection it is argued that there is nothing in the record to show such a value except a letter written by the appellant Newberry to an officer of the respondent bank, that the court erred in admitting this letter into evidence, that even if the letter were admissible its only effect was to impeach Newberry's testimony giving a higher value to the property, and that, in any event, the letter was not binding upon the appellant Johnson. The letter in question reviews at length the situation with respect to the hotel and the difficulties the appellants were having in running the same, in view of the fact that two newer hotels had been opened in that city, and asks for an interview for the purpose of going into the matter more in detail and "to discuss some plan for the future". In this letter the following statement was made: "The assets of the copartnership are hotel furniture and equipment of a problematical value of from $8,000.00 to $12,000.00 subject to a chattel mortgage to the lessors as surety for the lease."

It is argued that this letter was an offer of compromise and was inadmissible under section 2078 of the Code of Civil Procedure. A reading of the letter discloses beyond question that it was not an offer of compromise, that there was no dispute as to the amount due and that nothing was offered in compromise or otherwise. It merely reviews some of the facts in connection with the business and asks for a conference with respect to what might be done in the future. The situation here is somewhat similar to that in the case of *Fink & Schindler Co.* v. *Gavros,* 83 Cal. App. 582 [257 Pac. 156], where the court said: "The appellants also claim that the trial court erred in receiving evidence of an attempt to compromise the dispute. The vice in this contention is that the trial court did not do so. The parties met and discussed the items of the account. Some of the statements made by the respective parties were received in evidence. A matter of compromise was not suggested nor attempted and no evidence on that subject was received."

The statement of value made in this letter was not merely an impeachment of other testimony but was, in itself, a declaration or admission of a party which was some evidence on the question of value. (*Scott* v. *Sciaroni,* 66 Cal. App. 577 [226 Pac. 827] ; Code Civ. Proc., sec. 1870.)

The court took the highest valuation placed on this personal property by the appellant Newberry in this letter and this is sufficient to sustain the finding in question.

The contention that this evidence was not binding upon the appellant Johnson is without merit. The appellants were copartners in the business of running this hotel and it not only appears that the letter was written in the course of the partnership business but the articles of copartnership provide that the appellant Newberry shall act as manager of the business of the copartnership. Without question the matter of paying the rent and negotiations concerning the same was a part of the partnership business.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1935.