[Civ. No. 513.   Second Appellate District.—September 30, 1908.]

## MARTHA A. SHOPBELL, Widow, Respondent, v. MATTIE H. BOYD, Widow, and J. NEWTON BUNCH, Appellants.

RESCISSION FOR FRAUD IN EXCHANGE OF LAND—APPEAL FROM JUDGMENT FOR PLAINTIFF—SUFFICIENCY OF COMPLAINT—FINDING NOT CONSIDERED.—In an action to rescind an executed contract for the exchange of land, for fraud in its procurement, upon an appeal taken on the judgment-roll from a judgment for plaintiff, when the appellant relies upon insufficiency of the complaint, as against a general demurrer, all of its allegations must be taken as true for the purposes of the demurrer, and a finding of fact against the plaintiff that he had waived an alleged misrepresentation as to the value of defendant's property cannot be considered in determining the sufficiency of the complaint.

ID.—FALSE REPRESENTATIONS BY DEFENDANT'S AGENT.—The complaint is not rendered insufficient as against the defendant because it shows that the false representations were made by another person, when the pleading distinctly alleges that such person acted in the transaction of effecting the exchange as the agent of the defendant, who cannot be heard to disclaim responsibility for his acts while retaining the benefits accruing therefrom.

ID.—PASSAGE OF TITLE—REMEDY UPON COVENANTS FOR DAMAGES—ELECTION OF REMEDY TO RESCIND FOR FRAUD.—The fact that the title was passed, and that there might be a remedy for damages upon the covenants contained in the deed from the defendant to the plaintiff, cannot affect the right of the plaintiff to rescind the exchange promptly upon the discovery of the fraud practiced in procuring the exchange.

ID.—SUPPORT OF JUDGMENT—Aside from the finding against plaintiff as to waiver of the misrepresentation as to value, the judgment for the plaintiff is sufficiently supported by findings that the alleged misrepresentation as to a lease of the property, and as to encumbrances

thereupon, were made as alleged, and were knowingly false, and induced the exchange, and that the truth was fraudulently concealed from the plaintiff until the exchange was fully effected, and that plaintiff was damaged thereby.

ID.—FRAUD AND DAMAGES—RELATIVE IMPORTANCE.—The fraud practiced in effecting the exchange is the essential thing; and while it must be coupled with loss, injury, or damage, the precise amount of such damage is of secondary importance.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Daniel M. Hammack, for Appellants.

Davis, Kemp & Post, for Respondent.

SHAW, J.—This is an action to rescind a contract for the exchange of real estate and compel a reconveyance of property granted pursuant to the terms of said contract.

The defendants appeal upon the judgment-roll from a judgment rendered in favor of plaintiff.

It appears from the complaint that defendant Boyd was the owner of certain property situated in Los Angeles, subject to a deed of trust held by the Continental Building and Loan Association. The defendant Bunch, who was the agent of Boyd in the transaction, represented to plaintiff that Boyd's property was of the value of $4,000; that it was leased to a good responsible tenant for a term of one year at a monthly rental of $25, and that her title to said property was free and clear of all encumbrances except the deed of trust; that plaintiff believed said representations to be true and relied upon the same, and was by reason thereof induced to enter into an agreement to exchange certain property situated in Chicago, Illinois, and then owned by plaintiff, for the real estate of Boyd. The agreement provided that plaintiff and defendant Boyd should execute deeds to their respective properties, which should be delivered to and held by defendant Bunch, as per terms of the agreement. At the request of Bunch, plaintiff executed and left with him her deed to be by him held until the titles to the said properties were examined. Plaintiff then caused an examination of Boyd's title to be made, and

thereby learned that the property had been sold for taxes, and also sold under an assessment levied for street improvement. It is also alleged that the property was not leased as represented, and that the only rental obtainable for the property was $15 per month; that instead of the value of the property being $4,000, as represented to her by Bunch, its value was $2,500. Plaintiff alleges that she depended wholly upon the representations made by Bunch, and, believing them to be true, was thereby induced to enter into said agreement and execute and deliver to Bunch the said deed whereby she conveyed her property to defendant Boyd; that defendants made the representations with the purpose and intent to cheat and defraud her; that upon the discovery that said representations were false she tendered to defendants a deed reconveying the property deeded to her by defendant Boyd, together with $15 alleged to be the rental value of the property for the time she had held the same, together with notice of rescission, and demanded a return of her deed placed with defendant Bunch; that defendants refused to accept such tender and refused to return her deed, but caused the same to be filed for record in the recorder's office of the county wherein the property described is located.

The court found the allegation as to the misrepresentation of the value of the property to be true, but also found that plaintiff, at the time she placed her executed deed in the hands of Bunch, was aware of the true value of said property. For this reason it found, as a conclusion of law, that plaintiff waived the alleged fraud due to false representation as to the value of the property.

Appellants insist that by reason of this finding the allegation of misrepresentation as to the value of the property must be disregarded and the sufficiency of the complaint considered as based upon the allegations with reference to the false statements as to title and lease. Upon this and other grounds hereinafter noticed they urge that their general demurrer interposed should have been sustained.

The sufficiency of a complaint, tested by a general demurrer, must be determined by the alleged facts contained therein, the truth of which, for the purposes of the demurrer, is admitted. Whether an alleged fact be true or false is immaterial in the determination of the question raised by the demurrer. Hence, if it be assumed that the allegations regarding misrepresenta-

tion as to the lease and title are, standing alone, insufficient to constitute a good complaint, we must, nevertheless, hold the complaint not obnoxious to a general demurrer, for the reason that it stated a cause of action by reason of the allegation as to false representation as to value of the property.

It is further urged that the demurrer should have been sustained as to defendant Boyd, for the reason that it appears from the complaint that the false representations upon which plaintiff relied were made by defendant Bunch, and hence, there was no cause of action stated against the defendant Boyd. It clearly appears from the complaint that Bunch acted in the transaction as the agent of Boyd, and she will not be heard to disclaim responsibility for his acts and at the same time retain the benefits accruing therefrom. It is fundamental law that a principal is bound by the acts of his agent so far as he acts within the scope of the agency.

Boyd's deed of conveyance passed to plaintiff, and it is claimed by reason thereof plaintiff's cause of action was on the deed covenants for damages, unless the insolvency of defendants be alleged. In other words, that by successfully perpetrating the fraud to the extent of delivering a deed to plaintiff she was thereby deprived of maintaining an action for fraud, but must rely upon the covenants contained in the contract fraudulently imposed upon her. Conceding, however, that plaintiff had an adequate remedy at law, such fact does not deprive her of the remedy afforded by rescission. Section 1689 of the Civil Code provides that: "A party to a contract may rescind the same . . . 1. If the consent of the party rescinding . . . was . . . obtained through . . . fraud . . . exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." This section does not limit the right to maintain such action to cases where the insolvency of the defendant is alleged. Where the assent of a party to a contract has been procured by means of fraud, such party, acting promptly upon obtaining knowledge thereof, and in the absence of any acts constituting a waiver of such fraud, may either rescind or complete the contract on his part and sue upon the covenants for damages. (*Fountain* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 677, [34 Pac. 497]; *Schmidt* v. *Mesmer,* 116 Cal. 267, [48 Pac. 54].)

It is unnecessary to discuss other points urged in support of appellants' claim that the complaint fails to state a cause of action. Suffice it to say, that while it may be objectionable in form, it is not subject to the general demurrer interposed.

It is contended that the findings do not support the judgment. As to the lease, the court finds the representations were made as alleged; that they were knowingly false, and were intended to deceive plaintiff and induced her to make the exchange, and were the procuring causes of the transaction. It is also found that the property was misrepresented as being free and clear of encumbrances, except as stated, whereas, in fact, there were other encumbrances against the property to the extent of $100, which fact was known by defendants, but they fraudulently, with intent to deceive, concealed from plaintiff the fact that said property was subject to an additional encumbrance of $100. Counsel insists that these findings show the breach to be one of minor importance and such as can be readily compensated in damages. In support of this position he cites *Fountain* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 677, [34 Pac. 497]. That case bears no analogy to this. It was there sought to rescind for failure, in part, of the consideration due to a breach of covenant on the part of the defendant to pipe water to land. There was no element of fraud in the case at all. The action at bar is not one for breach of covenant, but one whereby plaintiff seeks to be freed from the obligation of covenants obtained from her by means of fraud. Counsel's argument is based upon an erroneous theory that the action should be upon the covenants contained in the deed, which plaintiff seeks to have canceled. "The fraud is the essential thing, and while it must be coupled with loss, injury, damage, the precise amount of such damage is of secondary importance." (*Wainscott* v. *Occidental etc. Assn.*, 98 Cal. 253, [33 Pac. 88].)

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.