[Civ. No. 4767. First Appellate District, Division One.—April 10, 1924.]

## JOHN V. SULLIVAN et al., Respondents, v. ANDREW HELBING et al., Appellants.

[1] Fraud — Presumption of Innocence — Burden of Proof. — In dealing with cases in which one party to a transaction complains of the conduct of the other, courts are not to presume or infer fraud because such conduct does not conform to their ideals of morality. Fraud must be proven. The law presumes that a person is innocent of wrong, that private transactions are fair and regular, and that the ordinary course of business has been followed. An inference of good faith rather than of fraud should be

---

1. See 12 Cal. Jur. 816; 12 R. C. L. 424.

indulged, and the presumption against fraud must be overcome by him who alleges improper conduct.

[2] ID.—DUTY TO SPEAK—COMPLETE DISCLOSURE OF FACTS.—Though one may be under no duty to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells but also not to suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure.

[3] ID. — HALF-TRUTHS — INTENT TO DECEIVE. — Fraudulent representations may consist of half-truths calculated to deceive. Thus a representation literally true is actionable if used to create an impression substantially false.

[4] ID.—RENTAL VALUE OF PROPERTY—WILLFUL MISREPRESENTATION.— Where a party to an exchange agreement expressly represents that the property which he is conveying is under a present rental of a given sum per month and, although the lease to the tenant in possession provides for such rental, the rental value of the property is a lesser sum, and the tenant has been paying only such lesser sum, this in effect amounts to a willful misrepresentation and is actionable fraud.

[5] ID. — INDEPENDENT INVESTIGATION — RELIANCE UPON REPRESENTATIONS OF OTHERS.—The mere circumstance that one makes an independent investigation or consults with others does not necessarily show that he relied on his own judgment rather than upon the representations of the other party, nor does it give rise to a presumption of law to that effect.

[6] ID.—ABILITY TO HAVE ASCERTAINED TRUTH—RIGHT TO RELY UPON REPRESENTATIONS.—A purchaser has the right to rely on the representations of the vendor as to facts not within the purchaser's knowledge, and the vendor cannot escape responsibility by showing that the purchaser might have ascertained upon inquiry that the representations were untrue.

[7] ID.—DISCOVERY OF FRAUD—REMEDIES—MEASURE OF DAMAGES— VALUE OF LAND.—Generally there are two courses open to the injured party: he may on discovery of the fraud restore what he has received, and proceed in equity to rescind the contract and recover what he has parted with; or he may proceed in affirmance of the sale and recover damages for deceit, as he is entitled to

2.  What amounts to false representation of existing fact, note, 1 Ann. Cas. 980. See, also, 12 Cal. Jur. 725; 12 R. C. L. 247.

3.  Right to rely upon representations made to effect contract as a basis for a charge of fraud, notes, 18 Am. St. Rep. 555; Ann. Cas. 1915B, 779; 37 L. R. A. 593. See, also, 12 Cal. Jur. 751; 12 R. C. L. 359.

5.  See 12 Cal. Jur. 759; 12 R. C. L. 357.

7.  See 12 Cal. Jur. 780, 843; 12 R. C. L. 405.

his bargain. In the latter case the measure of damages will ordinarily be the difference between the value of the land as it is and what its value would have been if the condition had been as represented. Quite frequently, though not always, the value of land is made to depend upon the amount of rent that it will produce, the rent being some evidence of value; and usually when the land is purchased for investment this is the controlling inducement.

[8] ID.—RENTAL VALUE OF LAND—COMPARISON WITH REPRESENTATIONS —DAMAGES—EVIDENCE—FINDINGS.—In this action in tort alleged to have been committed through the making of misrepresentations as to the rental value of certain real property in the negotiations of an exchange, evidence having been introduced to show that the rental value of the property during the period in question was a certain sum per month, and there also having been evidence to show that the effect of the rental value of the property controls in a measure its market value, and the difference in value as it was and what its value would have been if the rent was as represented amounted to a specified sum, and the trial court having so found, such findings were supported by the evidence.

---

(1) 27 C. J., pp. 44, 45, 46, sec. 170.    (2)   26 C. J., p. 1074, sec. 17.   (3) 26 C. J., p. 1100, sec. 31.    (4) 26 C. J., p. 1085, sec. 22. (5) 26 C. J., p. 1163, sec. 75.    (6) 26 C. J., pp. 1151, 1154, sec. 68; p. 1163, sec. 75.    (7) 27 C. J., pp. 92, 95, sec. 243; 39 Cyc., p. 2116. (8) 4 C. J., p. 877, sec. 2853.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles S. Peery and Maurice T. Dooling for Appellants.

Byrne & Lamson for Respondents.

TYLER, P. J.—Action in tort alleged to have been committed through the making of misrepresentations as to the rental value of certain real property in the negotiations of an exchange.

The appeal is prosecuted from a judgment rendered in favor of plaintiffs for the sum of $2,000 damages for the fraud found to have been perpetrated, after denial of a motion for nonsuit, no evidence having been offered by defendants.

---

8. Measure of damages for false representations inducing exchange of property, note, 15 Ann. Cas. 458. See, also, 12 Cal. Jur. 843; 12 R. C. L. 454.

The facts may be briefly stated as follows: Plaintiffs and defendants were the owners of different parcels of improved real property situated in the city and county of San Francisco. On or about the third day of May, 1922, defendants made an offer to the plaintiffs through an agent to exchange their respective holdings. The complaint alleges that for the purpose of inducing plaintiffs to make the exchange defendants falsely stated to them that their (defendants') property was under lease to a tenant who was paying as rental therefor the sum of $155 per month. It is admitted that the lease did provide for such rental, and that such lease was secured by a chattel mortgage on certain machinery, but it is charged that the tenant never paid such sum nor any sum greater than $135 per month, the difference in the amounts having been rebated by defendants. It is further charged that the defendants made the false representations concerning the rent for the purpose of leading the plaintiffs to believe that the property owned by defendants had a rental and market value in excess of that which it actually possessed, and that relying on such representation plaintiffs made the contract. The agreement further provided that when the transfers were consummated the rental paid by defendants' tenant for the current month should be prorated between the parties; and in pursuance of this arrangement and in furtherance of the fraud, so it is alleged, defendants paid to plaintiffs the sum of $150, which sum they represented had been received by them as rent for the month of June, 1922. It is then alleged that neither this nor any other sum had been received by defendants from their tenant as rent for the period stated, but such amount was paid by them from funds otherwise acquired, and that it was so paid for the sole purpose of preventing plaintiffs from discovering the true state of facts, which were only ascertained by plaintiffs after the exchange had been consummated and when they demanded from the tenant the rental of the premises for the month of July, 1922, on which occasion the tenant vacated the premises and never paid plaintiffs any rent whatever. Plaintiffs then sold the machinery covered by the chattel mortgage according to law for the sum of $50, which they applied to the rent due for the month of July, and thereafter brought this action.

The trial court found that the defendants had made the false representations, and that by reason of their acts and concealments plaintiffs had been damaged in the sum of $2,000, for which amount judgment was rendered.

As ground for reversal it is urged that defendants made no false representations, as the premises were as a matter of fact leased under a rental of $155 per month, and that such lease was secured in the manner indicated; that under such circumstances, there being no confidential relations involved, the parties dealt at arm's-length through an agent, and that no duty rested upon defendants to disclose to respondents that there had been a rebate in the rent, assuming this to be a material circumstance.

In support of this contention we are cited to cases to the effect that in the absence of a confidential relation a vendor is under no obligation to volunteer information to his vendee which was as readily accessible to both parties, as the law will not undertake the care of persons who will not with the means at hand take care of themselves, and mere silence under such circumstances cannot be construed to be a fraudulent concealment sufficient to support an action for fraud. (*Bacon* v. *Soule,* 19 Cal. App. 439 [126 Pac. 384]; *Ruhl* v. *Mott,* 120 Cal. 668 [53 Pac. 304].) It is accordingly claimed that the learned trial judge applied an idealistic conception of the law, which might be very commendable in morals but which has no support in law.

[1] In dealing with cases in which one party to a transaction complains of the conduct of the other, courts are not to presume or infer fraud because such conduct does not conform to their ideas of morality. Fraud must be proven. The law presumes that a person is innocent of wrong; that private transactions are fair and regular; that the ordinary course of business has been followed. An inference of good faith rather than of fraud should be indulged, and the presumption against fraud must be overcome by him who alleges improper conduct (*Arakelian* v. *Sears,* 53 Cal. App. 653 [200 Pac. 757]).

These principles, however, have no application to the instant case. Here defendants expressly represented that under the lease in question the tenant was obligated to pay $155 per month rent. While this representation was literally true, it amounted to a concealment of the true facts, since

it was not disclosed that a lesser amount was actually paid and accepted in satisfaction of the obligation.

[2] Though one may be under no duty to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells but also not to suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure (12 R. C. L., "Fraud and Deceit," sec. 71).

[3] Fraudulent representations may consist of half-truths calculated to deceive. Thus a representation literally true is actionable if used to create an impression substantially false (26 C. J., p. 1100).

[4] Here the representation contained in the exchange agreement, as above indicated, expressly recited that the property was under present rental of $155 per month. This in legal effect amounted to a willful misrepresentation by the vendors, affirming that the rental from the property sought to be exchanged was greater than in truth it was. It amounted to actionable fraud, for the matter was one peculiarly within their knowledge (*Hecht* v. *Metzler,* 14 Utah, 408, 417 [60 Am. St. Rep. 906, 48 Pac. 37]).

[5] It is true that the evidence shows that the plaintiffs did make some independent investigation and were informed by the tenant that he could pay his rent; but it further shows that they relied upon the statements of defendants concerning the same, and that they would not have gone through with the transaction had they known the true facts. The mere circumstance that one makes an independent investigation or consults with others does not necessarily show that he relied on his own judgment rather than upon the representations of the other party, nor does it give rise to a presumption of law to that effect. Here plaintiffs were deceived by the tenant, who subsequent to the completion of the transaction informed them he had paid no rent. Under these circumstances plaintiffs were misled through no fault of theirs, and as they also relied upon the representations of the defendants they are entitled to relief from the fraud practiced upon them (12 R. C. L., "Fraud and Deceit," sec. 111).

[6] A purchaser has the right to rely on the representations of the vendor as to facts not within the pur-

chaser's knowledge, and the vendor cannot escape responsibility by showing that the purchaser might have ascertained upon inquiry that the representations were untrue (*Morris v. Courtney*, 120 Cal. 63 [52 Pac. 129]).

It is intimated in the closing brief of appellants that respondents' remedy was an action for rescission.

[7] Generally there are two courses open to the injured party: he may on discovery of the fraud restore what he has received, and proceed in equity to rescind the contract and recover what he has parted with; or he may proceed in affirmance of the sale and recover damages for deceit, as he is entitled to his bargain. In the latter case the measure of damage will ordinarily be the difference between the value of the land as it is and what its value would have been if the condition had been as represented (3 Sedgwick on Damages, 9th ed., 1027, 1029; 39 Cyc. 2116; *Page* v. *Wells*, 37 Mich. 415; *Estell* v. *Myers*, 54 Miss. 174; *Morse* v. *Hutchins*, 102 Mass. 440). Quite frequently, though not always, the value of land is made to depend upon the amount of rent that it will produce, the rent being some evidence of value; and usually when the land is purchased for investment this is the controlling inducement.

[8] Here there is evidence in the record to show that the rental value of the property during the period in question was from $125 to $135 per month. There is also evidence to show that the effect of the rental value of this particular property controls in a measure its market value, and the difference in value as it is and what its value would have been if the rent was as represented amounts to $2,000. The trial court so found, and we are of the opinion that the findings are fully supported by the evidence.

The judgment is affirmed.

Knight, J., and St. Sure, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1924.

All the Justices concurred.