[Sac. No. 4151. In Bank.—June 12, 1928.]

E. A. FERGUSON, Appellant, v. FRED KOCH, Respondent.

W. E. Davies for Appellant.

A. G. Bailey, Hudson Grant, and Grant & Bailey for Respondent.

TYLER, J., *pro tem.*—Action to recover the purchase price of a certain used autotruck sold under a written agreement. Defendant by his answer admitted the sale, but by way of defense alleged that he was induced to make the purchase by means of fraudulent representations. Judgment was rendered for defendant and plaintiff appeals. The facts, briefly stated, are as follows: On the fourteenth day of December, 1925, plaintiff was the owner of a 1916 year model Reo automobile, which he had commenced to convert into a light delivery truck. Defendant, a contractor, after examining the same, entered into negotiations with plaintiff for its purchase. Terms of sale were agreed upon and the machine was towed to defendant's place of business, where further examination was made by him of the truck. The parties thereupon entered into a written agreement of sale, the material portions of which are as follows:

"Robbins, Sutter Co., Dec. 14, 1925.

"This is to certify that E. A. Ferguson agrees to sell to Fred Koch the following described property: One Reo chassis, year model 1916, as is. E. A. Ferguson; the sole owner of said Reo for several years past, agrees to give a clear title to said Reo to Fred Koch, the buyer. The Reo chassis is sold as is due to the fact that certain parts belonging to chassis are not attached thereto. E. A. Ferguson, to the best of his knowledge, states that the motor of said Reo is in very good condition.

"(Signed) E. A. FERGUSON

"FRED KOCH

"Witness: J. P. PONNE."

Defendant having refused to make the payments provided for under the contract, for reasons hereinafter stated, this action was brought to recover the purchase price. In his answer defendant alleged in substance that plaintiff, in order to induce him to purchase the automobile, represented that the truck was a Reo Speed Wagon; that it was a 2½-ton truck such as defendant desired, and would carry the desired weight; and further, that it had the same

motor in it as the Reo Company installed in its new cars for the year 1925. That in truth and in fact the auto was not a Reo Speed Wagon; that the motor was not the one described, it being the type used by the company in the year 1917 for passenger automobiles, and not in speed wagons, that the truck had a carrying capacity of ¾ of a ton only. It is then charged that plaintiff knew the representations to be false and fraudulent and were made for the sole purpose of inducing defendant to enter into the contract. Further allegations recite that immediately after the purchase defendant discovered the falsity of the representations and thereupon offered to redeliver the auto to plaintiff and demanded the cancellation of the obligation. At the trial plaintiff offered the written contract in evidence and denied having made any false representations. Defendant, over objection, then testified as to the misrepresentations contained in his answer, and judgment went in his favor. It is here claimed by plaintiff, appellant herein, that the doctrine of *caveat emptor* applies to the facts of the case, it being clearly shown by the testimony that defendant had full opportunity of examining the car, and that, having availed himself thereof, and entered into the written contract agreeing to take the automobile "as is" and pay for the same, he thereby became bound by his agreement. It is further claimed that the parol evidence received was inadmissible to change or vary the terms of the written instrument. We will discuss the points in the order stated. ■ The general rule is well established that where parties deal fairly or at arm's-length the rule of *caveat emptor* applies, but where honest dealing is departed from by the vendor making the false statements as of his own knowledge, the falsity of which are not known to the purchaser, such purchaser has the undoubted right to rely implicitly upon such statements and the principle has no application. In other words, the vendor must stand mute, or at least refrain from making statements calculated to deceive. ■ Here the contract, prepared and written by plaintiff, contained the assurance that the motor was in very good condition, and it further recited that the chassis was sold "as is" for the reason that certain parts were missing. These assurances have relation to the mechanical condition of the

truck, as to which no fraud is alleged and of which no complaint is made. The fraud charged, and which it is claimed induced the purchase, consists in the misrepresentations concerning the model of the motor and the capacity of the truck. The capacity of the truck was not a matter that could be ascertained by the exercise of reasonable care in the examination thereof, that fact not being apparent from such examination, and the vendee, having no knowledge upon the subject, was therefore entitled to rely upon the vendor's statement, which the evidence shows he made, that he had used the car and it would carry the desired load. The same may be said with reference to the misrepresentations concerning the motor. The evidence shows that the vendee was not familiar with the different types of motors in use in Reo cars, but had merely heard that those used in the Speed Wagon type of auto were very good machines. The mere circumstance, therefore, that the vendee made an independent investigation of the truck does not necessarily show that he relied on his own judgment rather than upon the representations of the other party, nor does it give rise to the presumption of law to that effect. ▮ A purchaser has the right to rely on the representations of his vendor as to facts not within his knowledge, and the vendor cannot escape responsibility by showing that the purchaser might have ascertained upon inquiry that the representations were untrue. (*Sullivan* v. *Helbing,* 66 Cal. App. 478 [226 Pac. 803]; *Whiting* v. *Squeglia,* 70 Cal. App. 108 [232 Pac. 986].) The trial court having found that the false representations were made, and there being ample evidence in the record to support the conclusion, the judgment must stand unless it can be said that the evidence concerning the false representations was improperly received. ▮ This brings us to the question whether or not parol evidence is proper to prove false representations where there is a written contract of sale. The rule is, of course, well settled that where the parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, be conclusively presumed that the writing contains the whole of the agreement between the parties, and that it is a complete memorial of the same, and parol evidence of prior, contemporaneous or subsequent conversations or representa-

tions or statements will not be received for the purpose of adding to or varying the written instrument. If, therefore, such a writing exists between the parties, and it contains no warranty at all, no warranty can be added by parol; if it contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge or modify that which the writing specifies. (*United Iron Works* v. *Outer H. etc. Co.*, 168 Cal. 81 [141 Pac. 917]; 2 Mechem on Sales, sec. 1254.)

In such a case what the seller may have said is not admissible to show that the contract was different from that expressed in the writing, and the parties will be held to their agreement and to no other. It is equally well settled, however, that a writing may be impeached for fraud, and a parol warranty really made may then be relied upon rather than the written one thus shown to be fraudulently imperfect or defective. (Id., sec. 1257; 9 Ency. of Ev., p. 492.) Parol evidence is always admissible to prove fraud, and it was never intended that the parol evidence rule should be used as a shield to prevent the proof of fraud. ▇ Hence, the fact that the sale of an automobile is evidenced by a written contract will not prevent the purchaser from proving by parol evidence that the sale was induced by fraud. And this is true even though the contract recites that all conditions and representations are embodied therein. (*Mooney* v. *Cyriacks*, 185 Cal. 70 [195 Pac. 922]; *Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701 [262 Pac. 730]; *Whiting* v. *Squeglia, supra.*) There is no such sanctity surrounding a writing that parties may not be permitted to go back of it and show that there was such fraud practiced in the procurement of the same as to vitiate the writing. The law never countenanced a rule which would deny to one the right to prove that fraud had been practiced upon him. (*Avery* v. *Staples* (Tex. Civ. App.), 183 S. W. 43; Berry on Automobiles, 4th ed., sec. 1561; Huddy on Automobiles, 7th ed., sec. 1116, and cases cited.) In actions for rescission on the ground of fraud the statutory provisions that when the terms of an agreement have been reduced to writing such writing is to be considered as containing all the terms (Code Civ. Proc., sec. 1856), and that the execution of a contract supersedes all prior negotiations or stipulations

(Civ. Code, sec. 1625), have no application and do not control. (*Mooney* v. *Cyriacks, supra.*) Appellant has cited us to certain earlier cases in our reports which he claims make a distinction between fraudulent representations going to induce the making of a contract and representations in the nature of warranties. There is no reason why any such distinctions should exist, and, in fact, none does exist. (See *Hayes* v. *Gammon,* 168 Ark. 1116 [272 S. W. 644]; *Martin* v. *Schoeb,* 62 Ind. App. 586 [113 N. E. 384]; 26 Cyc., p. 1145.) The Mooney and Hunt cases above cited had to do with fraud concerning warranties, and what was said in those cases apply to fraud exercised in this connection. An examination of the cases relied upon by appellant shows that in most of them the question of fraud was not involved. For the most part they are cited and distinguished in the Mooney case and a further review of them would answer no useful purpose. The case of *Yuba Mfg. Co.* v. *Stone,* 39 Cal. App. 447 [179 Pac. 418], chiefly relied on by appellant, contains language that supports his contention. The case, however, is based upon decisions where fraud was not alleged. While recognizing the rule that a defrauded party cannot, by the "simple device of a written instrument," be deprived of the right to prove fraud, it concludes with the statement that parol evidence cannot be permitted to nullify the further rule in relation to the effect of written instruments by the claim the vendee was deceived by certain oral representations. Such, as we have pointed out, is not the law. This case was not passed upon by this court, no petition for a transfer having been applied for. It is therefore not here controlling.

And, finally, it is claimed that the findings of fact are not supported by the evidence and are defective in form. What we have said disposes of the first objection. The blanket finding is made that all matters set forth in defendant's answer are true as therein alleged. This form of finding has always been held sufficient. (*Fritz* v. *Mills,* 170 Cal. 449–459 [150 Pac. 375].)

The judgment is affirmed.

Curtis, J., Langdon, J., Preston, J., Waste, C. J., and Richards, J., concurred.