[Civ. No. 7167. First Appellate District, Division Two.—February 19, 1931.]

JOSEPH P. BENNER et al., Respondents, v. W. H. HOOPER, Appellant.

JOSEPH P. BENNER et al., Appellants, v. W. H. HOOPER et al., Respondents.

H. C. Kelsey and Clare S. Johnston for Plaintiffs and Appellants.

Davis & Melby for Defendants and Appellants.

BURROUGHS, J., *pro tem.*—Since the submission of this cause Freda H. Benner, one of the plaintiffs, has died and Anson Bilger, as administrator of the estate of said Freda H. Benner, deceased, has been substituted as a party to this action.

W. H. Hooper, one of the defendants in this action, built a house for his wife, Dorothy G. Hooper, also a defendant in this action. The house was built on a lot purchased by Mrs. Hooper and it was intended for her own use and occupation. The house was built on filled in land over a creek-bed. Mrs. Hooper told her husband to put up a sign and try to sell it. Mr. and Mrs. Benner, the plaintiffs, visited the place. Mr. Hooper was there and asked them if they were looking for a home and they told him yes; that the place looked nice and high and that they did not desire to buy a home over a creek. Mr. Hooper replied that he did not blame them that he would not either. Mr. and Mrs. Benner bought the house and received a deed from Dorothy G. Hooper and W. H. Hooper. Mrs. Hooper received the purchase price. The purchase was made July 15, 1926. The house was damaged by settling and sinking.

This action was brought to recover damages sustained by reason of fraudulent misrepresentations made by de-

fendants, which misrepresentations induced plaintiffs to purchase the property.

Judgment was for plaintiff against defendant W. H. Hooper in the sum of $2,000. The court found that Dorothy G. Hooper had not given W. H. Hooper any written authority to act as her agent and that she had no knowledge of the false representations and in accordance gave judgment that plaintiffs take nothing from defendant Dorothy G. Hooper.

Defendant W. H. Hooper appeals from the judgment against him, and plaintiffs Benner appeal from the judgment in favor of Dorothy G. Hooper and from the amount of the judgment rendered.

The findings of the court relative to fraud are as follows: "That plaintiffs entered said property, and W. H. Hooper asked them if they were looking for a home, and plaintiff Freda H. Benner said she liked the Hooper place, and that it was on high ground and no creek there, and plaintiff, Joseph P. Benner said they did not want property over a creek like some they had looked at, to which W. H. Hooper replied that he did not blame them for not wanting to get on a creek, that he would not want to buy on a creek himself, and that he guaranteed his houses for five years; that contrary to his knowledge that said house was built on a creek-bed, said W. H. Hooper intended to and did, by his aforesaid statements to plaintiffs, intend to and did represent to them that said house was not on a creek-bed that had been filled in;

"That said plaintiffs, in purchasing said property, relied on said statement and representations of W. H. Hooper and were deceived by them, and believed therefrom that they were buying property that was not on a creek, and which property they would not have purchased if it had been correctly represented to them."

Appellant Hooper, while admitting that the evidence was substantially as given in the findings, contends that there was no representation made relative to a filled in creek-bed and defendant Hooper did not intend to represent to plaintiff that the house was not on a creek-bed that had been filled in, that defendant Hooper had no knowledge of a creek-bed.

As to the knowledge of defendant W. H. Hooper the evidence shows that Mr. Hooper had been a builder of houses "intermittently about twenty-eight years—actively for three years before building the Benner house".

Defendant Hooper testified that he knew that the property was filled ground on a creek-bed and further stated: "I knew it was filled ground. I didn't know where the creek went through there exactly. I knew it was filled though." He further testified that he never told the Benners that it was filled ground. He also testified that before starting to build the house he made tests in different places around where the house was built and back in the lot "we made a test pit here about three and one-half feet square and went down to the sewer and stood on the sewer proper. We went down a little over sixteen feet then we made eleven other six-inch borings at different places around his house and back in the lot." The evidence shows that the test pits were of varying depths; that Hooper knew of the large sewer pipe or culvert laid in the bed of the creek under the house, that he took the trouble to dig down to it before building.

In their first conversation Mr. Hooper told the Benners that "he had built numerous houses around in that vicinity". We think the evidence amply supports the finding of the court that defendant Hooper knew that the land on which the house stood was filled in land over a creek-bed.

The evidence of other witnesses is clear and positive that such was the nature of the land and no attempt is made to dispute the fact.

"The correctness of the findings of fact is to be determined upon a consideration of the entire evidence in the case, together with such inferences of fact as the trial court might properly draw therefrom, . . . " (*Rose* v. *Doe,* 4 Cal. App. 680, 684 [89 Pac. 135, 137].)

As to the fact of misrepresentation and intent to misrepresent, Mr. Benner in his cross-examination said: "My statement was we did not want to buy over a creek bed, that apparently this was high ground; that we had looked at other houses on Cavanaugh road and they were over a creek, too, and we did not want to buy over a creek bed." Q. "And you assumed that this was not over a creek bed? A. Certainly. And Mr. Hooper said he did not blame us

for not wanting to buy a house over a creek, that he would not either." Mr. Benner testified that Cavanaugh Road was in that vicinity, and that Mr. Hooper said that "he had built numerous houses around in that vicinity, right across the street." "He showed us the house next door, he told us he built the house on either side."

A careful reading of the whole evidence shows that the extreme fill, even though lower here than in other parts of the tract, gave the appearance of high ground and put the Benners off their guard. It is obvious that they had assumed it to be naturally high land and not over a filled in creek-bed—the one character of land they were guarding against.

Defendant Hooper having knowledge that this was filled in land over a creek-bed could not fail to understand by the remarks of the Benners that they had assumed otherwise and that his answer that "he did not blame them for not wanting to buy a house over a creek, that he would not either," would tend to confirm them in their mistake and lead them away from inquiry. By the statement made and his further silence defendant Hooper misrepresented the fact.

"A purchaser has a right to rely on the representations of the vendor as to the facts not within the purchaser's knowledge, and the vendor cannot escape responsibility by showing that the purchaser might have ascertained upon inquiry that the representations were untrue." (*Sullivan* v. *Helbing*, 66 Cal. App. 478, 483 [226 Pac. 803, 805]; *Zwart* v. *Landfield*, 93 Cal. App. 328, 333 [269 Pac. 740]; 26 Cor. Jur. 1066.) " . . . But a representation need not be a direct lie in order to constitute remediable fraud; the false representation may consist in a deceptive answer, or any other indirect but misleading language. No hard and fast rule can be laid down as to what constitutes a fraudulent representation in any given case, since this depends upon the peculiar circumstances and conditions involved." (See, also, 12 R. C. L., sec. 71.) "Even though one may be under no duty to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to suppress or conceal any facts within his knowledge which will materially qualify those stated. If he speaks at all he

must make a full and fair disclosure." (*Hill* v. *Associated Almond Growers,* 90 Cal. App. 291 [265 Pac. 873]; *Ferguson* v. *Koch,* 204 Cal. 342 [58 A. L. R. 1176, 268 Pac. 342]; 12 Cal. Jur. 740; *Sullivan* v. *Helbing,* 66 Cal. App. 478, 483 [226 Pac. 803]; secs. 1709, 1710, Civ Code.) Section 1710 of the Civil Code reads as follows: "A deceit, within the meaning of the last section, is either: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true." (*Andrew* v. *Bankers & Shippers Ins. Co.,* 101 Cal. App. 566 et seq. [281 Pac. 1091].) All the necessary elements of fraud are established in this case by direct evidence and the inferences necessarily following therefrom.

The representation that this house was not built over a filled in creek-bed is shown by the evidence to have been false. Knowledge of the falsity of the representation is shown by direct evidence of defendant W. H. Hooper and the inferences following his evidence.

The intent to deceive was necessarily involved in the conduct of defendant Hooper. Defendant knew that plaintiffs did not want to buy land over a filled in creek-bed and that if they knew the truth they would not purchase. Therefore, this was a material fact.

When the evidence shows a false representation and that the person making such representation knew it was false the law supplies the fraudulent intent. (12 Cal. Jur., p. 826, sec. 75.)

The misrepresentation is clearly an inducement of sale as defendant had made known that he did not want to purchase that character of land.

We think that the finding of the court, *supra,* contains the essential element of intent to deceive. Such finding is inherent and necessarily inferred from the express findings and conclusions of the trial court. The inference could be made from the findings of the court; therefore, such inference will be deemed to have been made.

"Whenever from facts found other facts may be inferred which will support the judgment, such inference will be deemed to have been made." (*Hamberger-Polhemus Co.* v. *Lewin,* 101 Cal. App. 704, 708 [282 Pac. 425, 427]; *Hulen* v. *Stuart,* 191 Cal. 562 [217 Pac. 750].)

In this case it may be fairly inferred from the facts shown by the record that had the finding been made more specifically, such finding would have been adverse to defendant, and, therefore, the failure to find specifically that defendant did intend to deceive is not a ground for reversal of the judgment.

The findings are supported by the evidence and are sufficient to support the judgment against W. H. Hooper. (*Hamberger-Polhemus Co.* v. *Lewin,* 101 Cal. App. 704 [282 Pac. 425]; *Beeman* v. *Richardson,* 185 Cal. 280 [196 Pac. 774]; *Hulen* v. *Stuart,* 191 Cal. 562 [217 Pac. 750]; *Krasky* v. *Wollpert,* 134 Cal. 338 [66 Pac. 309].) Appellant also cites the case of *Hall* v. *Mitchell,* 59 Cal. App. 743 [211 Pac. 853]. In the case last cited both pleadings and findings were so indefinite that the appellate court was compelled to reverse the judgment and allow the pleadings to be amended. We think that a careful reading of this case supports our conclusions aforesaid.

Appellant Hooper contends that the court's finding of guaranty does not support the conclusions of law.

There is no allegation of guaranty in the complaint and the action is not predicated upon a guaranty. The allegation of fraud is not sustained by proof of guaranty, but the evidence of fraudulent misrepresentation is strengthened by the statement: ''You need not be alarmed, I guarantee my houses for five years,'' in answer to the plaintiff's statement: ''I am a little scared of the plaster in the house.'' During the same conversation while they were looking over the house, plaintiff expressed fear of the plaster and defendant answered: ''You need not be alarmed, I guarantee my houses for five years.'' This is not such a guaranty as alone could be sued upon. It is merely a statement of assurance that the house was properly built on a proper foundation on firm land. ''The house must be properly built or I would not guarantee it,'' is the inference the court might reasonably put upon the evidence. This is not a finding of guaranty.

Appellant Hooper further contends that the court erred in admitting in evidence the contract of sale of the property between the Lakeshore Highlands Company and the vendee William Hooper on the back of which contract occurs the clause: ''Purchaser is also fully advised that a

portion of said real property consists of filled ground and that adequate foundations should be provided for any building or buildings erected or placed on any portion of said real property.''

In view of the fact that the defendant Hooper admitted and stipulated that the *locus in quo* was filled in ground and in view of defendant Hooper's testimony that he knew it was filled in ground and that he knew it was over a creek, the evidence of the contract was cumulative to show his knowledge.

It was not material as going to the question of defendants' good faith and the absence of cause or necessity apparent to him, or in any manner misrepresenting the situation. Since plaintiff had said that he would not buy over a creek plaintiff had apprised the defendants of the thing necessary to be misrepresented.

It was this knowledge alone that needed suppression— the knowledge of the filled in land over a creek-bed.

There is sufficient evidence to sustain the findings and judgment as to fraud without the clause in the contract being put into evidence.

Therefore, conceding the evidence as improperly admitted, it was not prejudicial to defendants' case. It was merely cumulative proof as to his knowledge and as such we think it was properly admitted in evidence.

Plaintiffs appeal from the judgment in favor of Dorothy G. Hooper and contend that the following finding and conclusion is erroneous:

''That Dorothy G. Hooper had not given to W. H. Hooper any written authority to sell said property or to act as her agent in the sale thereof, and that she had no knowledge of any representations made by W. H. Hooper in said sale, and had not authorized the same.''

''That plaintiffs take nothing from Dorothy G. Hooper.''

We think the evidence shows that W. H. Hooper was the agent of Dorothy G. Hooper. It is not disputed that the property was owned by Dorothy G. Hooper and that she transferred the title to the plaintiff and received the consideration therefor. The evidence shows that she told W. H. Hooper to ''Put up a sign and see if you can sell it.'' There is no evidence of written authority, but the fact that she told him to put up a sign and try to sell

it, then ratified the sale that he made by signing the deed and receiving the money, does establish that W. H. Hooper was the agent in fact of Dorothy G. Hooper. We find no evidence that Dorothy G. Hooper knew of the false representations made by her husband, that the house was not built upon a filled in creek-bed. However, it is a well-established rule that (12 Cal. Jur., sec. 46, p. 775) ''The principal is held liable to third parties for the frauds committed by his agent in the transaction of the business of the agency.''

In *Bogart* v. *Crosby & Van Haren*, 80 Cal. 195 [22 Pac. 84], plaintiff brought an action to recover the sum of $300 alleged in the complaint to have been received by the defendants from the plaintiff ''as the agent of said plaintiff . . . , to the use of said plaintiff''. It appears that the defendants were real estate agents and as such received from the plaintiff the sum of $300 as a payment on the purchase price of certain real estate belonging to a third party for whom they were acting as agents. The agents paid the said money to the third parties. Thereafter the plaintiff notified the owner that he did not want to complete the purchase and demanded the return of the $300; the owner, when notified, said he did not care whether plaintiff took the property or not and turned the $300 back to the defendants. The defendants refused to return the money to plaintiff and hence the suit to recover the same. The court held that whatever cause of action existed was against the owners of the property and not their agents. Judgment was for the defendants. On appeal by plaintiff it was contended by him ''that as it appears from the evidence that the appellants were only authorized verbally to sell, they were not the agents of the owners of the property, and therefore he was bound to look to them individually.'' On this subject the court said: ''But the evidence of the owners themselves shows that they verbally authorized the appellants to sell the property; that they ratified their acts by accepting the cash payment, and were willing to carry out their part of the contract. This being the case, they would be estopped to deny the agency, as against respondent's claim for the return of the money paid by him, and actually received by them, if he was entitled to recover the same.''

Comparing this case with the one at bar, it appears that Mrs. Hooper told her co-defendant, W. H. Hooper, to ''Put up a sign and see if you can sell it.'' Upon the sale being made in accordance with said authorization, the defendant Dorothy G. Hooper executed a deed to the plaintiffs and received the purchase price therefor. Other cases in point are *Quarg* v. *Scher,* 136 Cal. 406 [69 Pac. 96]; *Willey* v. *Clements,* 146 Cal. 91 [79 Pac. 850]; *Hamilton* v. *French,* 78 Cal. App. 289 [248 Pac. 281]; *Blair* v. *Guarantee Title Co. of Long Beach,* 103 Cal. App. 260 [284 Pac. 719]; *Bonnarjee* v. *Pike,* 43 Cal. App. 502 [185 Pac. 479]; *Powell* v. *Oak Ridge Orchards Co.,* 84 Cal. App. 714 [258 Pac. 636]; *Shopbell* v. *Boyd,* 9 Cal. App. 136 [98 Pac. 69].

We are of the opinion that the court was in error in finding that the plaintiff was not entitled to a judgment against Dorothy G. Hooper.

 The next question involved is that of damage. It is not claimed that the correct rule was not followed when the witnesses were being examined. (*Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729].) However, witnesses called and examined pursuant to the rule stated and the case cited gave evidence as to the value of the property as represented and gave evidence as to its actual value. The evidence given by those witnesses was expert evidence. The trier of facts can adopt it or reject it. (*Linforth* v. *San Francisco Gas & Elec. Co.,* 156 Cal. 58, 63 [19 Ann. Cas. 1230, 103 Pac. 320]; *Zimmer* v. *Kilborn,* 165 Cal. 523, 525, Ann. Cas. 1914D, 368, 132 Pac. 1026].) The record discloses nothing showing that the trial court abused its discretion as to the amount of damages awarded.

Upon the appeal of plaintiffs from the judgment in favor of Mrs. Hooper the evidence is undisputed that Mrs. Hooper owned the property, that she orally authorized and directed W. H. Hooper to sell it, that she ratified the sale, executed the deed to plaintiffs, accepted the purchase price from them, and retained the fruits of the sale. Under these circumstances the trial court's finding that Mrs. Hooper had no knowledge of misrepresentations and did not authorize them is insufficient to sustain the judgment in her favor.

 Upon both principle and authority an agent's knowledge is imputed to his principal (sec. 2332, Civ. Code; 1

Cal. Jur. 847), and the principal is charged with the fraud of his agent committed in the course of his employment and in the interest of the principal (12 Cal. Jur. 775; *Powell* v. *Oak Ridge Co.*, 84 Cal. App. 714, 719 [258 Pac. 636]). This rule is uniformly applied when the principal is shown to have accepted and retained the benefits of the agent's fraudulent act. (*Hamilton* v. *French*, 78 Cal. App. 289, 291 [248 Pac. 281].)

However, we are unable to say that, from our examination of the record the defendant Mrs. Hooper could not on a retrial "make a substantial showing in support of her cause" (*Tupman* v. *Haberkern*, 208 Cal. 256, 270 [280 Pac. 970, 976]), and hence the judgment as to her must be reversed, with directions to the trial court to retry the sole issue of the amount of Mrs. Hooper's liability for the damages to which the plaintiffs have been found to be entitled to recover.

Judgment as to W. H. Hooper affirmed.

Judgment as to Mrs. Dorothy Hooper reversed, with directions.

Nourse, P. J., and Sturtevant, J., concurred.