[L. A. No. 17882. In Bank. Apr. 30, 1942.]

GERTRUDE C. ROGERS, Appellant, v. C. P. WARDEN et al., Respondents.

Earl Oakley and Franklin B. Hansen for Appellant.

J. Everett Brown for Respondents.

GIBSON, C. J.—This is an appeal from a judgment dismissing an action after the court had sustained without leave to amend a general demurrer to plaintiff's third amended complaint.

The complaint alleges that the plaintiff, a widow without business experience, was the owner in fee of the mineral rights in two described lots; that she did not know that she was the owner of these rights; that the defendants, knowing of her inexperience and ignorance, entered into a conspiracy to cheat and defraud the plaintiff and to secure her interest in the lots for defendants C. P. Warden and Grace P. Warden. It is alleged that pursuant to the conspiracy defendants Schmitt and C. P. Warden represented to her that C. P. Warden was the owner of the lots; that they were of little or no value and that large amounts of taxes were out-

standing upon them; that the plaintiff had no right in or to the lots or any part of them; and that defendants wanted her signature to a quitclaim deed covering the lots for the sole purpose of removing a technicality in the title of C. P. Warden so that the lots would be marketable. The complaint alleges that each of these representations was false and was known by the defendants to be false when made and was made to induce the plaintiff to execute a conveyance of the mineral rights in the lots thereby defrauding her of such rights.

It is also alleged that the defendants intentionally failed to disclose to the plaintiff that she was the owner of the mineral rights in the lots which were of a value exceeding $2,000, that the lots were potentially capable of producing minerals, that bonus moneys had been offered to landowners for mineral leases on adjoining properties, and that adjacent lands in the same tract had been leased for mineral development; that each of the undisclosed facts was unknown to the plaintiff; and that she made no independent investigation. It is further alleged that relying on defendants' representations, the plaintiff, on July 1, 1939, without consideration, executed and delivered a quitclaim deed of her interest in the lots to defendant W. H. Warden, a "dummy" for defendants C. P. Warden and Grace P. Warden, and that plaintiff did not discover the falsity of the representations made to her until shortly prior to the time of filing this action. Plaintiff asks cancellation of the deed, a declaration that she is the owner in fee of the mineral rights pertaining to the lots, and judgment against all the defendants for punitive damages.

This case is controlled by our decision in *Seeger* v. *Odell*, (1941) 18 Cal. (2d) 409 [115 P. (2d) 977]. In that case the complaint alleged that the plaintiffs, an elderly couple, were the owners of a lot subject to a mortgage which one of the defendants had foreclosed; that in order to induce plaintiffs to refrain from paying the mortgage indebtedness or from exercising their equity of redemption and to induce them to join in leasing the land to one of the defendants for the purpose of drilling for oil, the defendants falsely represented to the plaintiffs that the lot had been sold under execution to satisfy a money judgment previously secured in another action against the plaintiffs; and that relying upon this representation and without investigation of the records, the plaintiffs entered into the lease and allowed one of the defendants to buy in the property at the foreclosure sale

without attempting to pay the mortgage debt or exercise the equity of redemption. We held that under the circumstances of that case plaintiffs' failure to make an investigation to determine if their property had in fact been sold under execution was not fatal to their cause of action, and that the representation that a levy of execution and sale of the property had occurred was, if false, a statement of fact for which an action would lie. The case of *Robins* v. *Hope*, 57 Cal. 493, principally relied upon by defendants herein, was overruled to the extent that it holds that an owner of realty is conclusively presumed to know the state of the title to his land.

The false representation alleged in this case that plaintiff had no right in the lots is an actionable statement of fact of the same character as that made in the Seeger case. It was alleged to have been made with knowledge of its falsity and with the intention of inducing plaintiff to rely upon it and that plaintiff did rely thereon. It cannot be said that the plaintiff, a widow unaccustomed to handling business matters and with no knowledge that she possessed any interest at all in the lots, was not justified in relying on the alleged representations without making an independent investigation. We said in the Seeger case, *supra,* page 414: "The fact that an investigation would have revealed the falsity of the misrepresentation will not alone bar . . . recovery. . . ."

In addition to positive misstatements of fact coming within the rule of the Seeger case, fraud in the form of the suppression of material facts is alleged in this case. Defendants contend that the record does not show any confidential or fiduciary relation between the plaintiff and the defendants and that in the absence of such a relation the defendants were under no obligation to disclose facts known to them. But the rule has long been settled in this state that although one may be under no duty to speak as to a matter, "if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells but also not to suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure." (*Sullivan* v. *Helbing,* 66 Cal. App. 478, 483 [226 Pac. 803]; *Pohl* v. *Mills,* 218 Cal. 641, 654 [24 P. (2d) 476]; *American Trust Co.* v. *California Western States Life Ins. Co.,* 15 Cal. (2d) 42, 65 [98 P. (2d) 497].) When the defendants undertook to tell the plaintiff why they wanted a deed from her, they were under a duty, even in the absence of a confidential relation-

ship, to disclose the facts within their knowledge relating to her rights in the lots and the true reason why they were seeking the deed.

Although the facts forming the background of the defendants' fraud are not set forth as completely as might be desired, the allegations of the complaint contain all the elements of actionable fraud and, if true, are sufficient to establish a right to equitable relief. This being so, the trial court erred in sustaining a general demurrer.

The judgment is reversed, with directions to the trial court to overrule the demurrer.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.