[Civ. No. 18570.   Second Dist., Div. One.   Jan. 24, 1952.]

ROY B. HULL et al., Appellants, v. JOHN F. SHEEHAN et al., Respondents.

Thomas M. Parrington for Appellants.

Elmer C. Low for Respondents.

HANSON, J. pro tem.—Appellants instituted the action below to recover damages for false representations made by respondents upon a sale of a motel to appellants. The trial court found that the false representations had been made but that appellants had not sustained any damages. This finding, appellants contend, is not sustained by any admissible evidence. In short, appellants contend that respondents' expert witness was not qualified to express an opinion as to the value of the motel, and second, that his testimony as to market value should have been struck out as it was based upon improper factors.

The plaintiffs had the burden of proving that the motel was worth less than the amount which they paid for it, i.e., $77,500. The only witness tendered by plaintiffs on the subject was a real estate broker and appraiser who had appraised a few motels, but who had never individually or as a broker bought or sold a motel. He testified that the property had a value of only $45,000 at the time the plaintiffs purchased it in March, 1948, and likewise had the same value when they thereafter sold it in April, 1950, notwithstanding it then sold for $65,000. The trial court expressly rejected his opinion as to market value and affirmatively found that the property was worth what the plaintiffs paid for it. Since it was within the province of the trial court to reject the testimony of plaintiffs' expert it follows that plaintiffs failed to prove an essential ingredient of their cause of action and, accordingly, have no standing to attack the finding that the property was in fact worth what plaintiffs paid for it. (*Ellenberger* v. *City of Oakland,* 59 Cal.App.2d 337 [139 P.2d 67]; *Benner* v. *Hooper,* 112 Cal.App. 53, 63 [296 P. 660].) Moreover, even if we were to reject the testimony of defendants' expert on value, the trial court's finding would still have to be upheld. This for the reason that the plaintiffs within a month after their purchase listed the property for sale with brokers at a price of $85,000 and continued to do so until a short time prior to their sale of the property. Such a listing is an admission against interest as to the value of the property which alone would justify the finding of the trial court. (*Fairchild-Gilmore-Wilton Co.* v. *Southern Refining Co.,* 158 Cal. 264 [110 P. 951]; *Bank of Italy* v. *Johnson,* 7 Cal.App.2d 463 [46 P.2d 244].) As stated in 20 American Jurisprudence 341, section 375, " . . . an offer to sell property may

be proved against the owner as an admission of its value at or near the time of the offer.''

The judgment is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied February 18, 1952, and appellants' petition for a hearing by the Supreme Court was denied March 20, 1952.