ROBERT RHINE, APPELLANT, *v.* RUSSELL MILLER, RESPONDENT.

No. 9038

September 29, 1978                    583 P.2d 458

---

*Lionel Sawyer & Collins,* and *John R. Lusk,* Las Vegas, for Appellant.

*Dennis R. Haney Professional Corporation, Ltd.,* Las Vegas, and *Alfred Becker,* Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, C. J.:

In late 1972, appellant and respondent entered into a joint venture agreement for the purpose of improving certain real property owned by respondent in Las Vegas, Nevada. The agreement provided that: (1) respondent, a medical doctor in Las Vegas, would contribute five (5) acres of real property situated on the corner of Eastern and Viking Avenues to the joint venture; (2) appellant, a construction contractor and developer, would plan and construct thirteen (13) residential dwellings on the property; and, (3) the parties would sell the dwellings and divide the profits equally between them.

Appellant commenced performance pursuant to the agreement and incurred various planning expenses in the amount of $6,953.83 before discovering that respondent had conveyed the property to a third party as down payment on the purchase of an apartment complex. Appellant then initiated this action seeking an accounting and one-half of the profits realized by respondent in transferring the property. The district court found: (1) there was an enforceable joint venture agreement; (2) respondent had breached that agreement; and, (3) appellant was entitled to expenses incurred in furtherance of the venture, attorney's fees, costs, and interest. However, the district court refused to award profits, concluding the evidence offered in support thereof was "unrealistic and unacceptable as a basis of computing any profits . . . realized by [respondent]." Appellant contends this denial of profits was erroneous. We agree.

Appellant's entitlement to profits arises from respondent's breach of the joint venture agreement between the parties. The relationship between joint venturers is fiduciary in character and imposes on the venturers the obligation of loyalty to the enterprise and a duty of good faith, fairness, and honesty in their dealings with each other with respect to property belonging to the venture. Lind v. Webber, 36 Nev. 623, 134 P. 461 (1913); McIver v. Norman, 213 P.2d 144 (Or. 1949); Reaves v. Hembree, 330 So.2d 747 (Fla.App. 1976); L. M. White Contracting Co. v. Tucson Rock & Sand Co., 466 P.2d 413 (Ariz.App. 1970); cf. Randono v. Turk, 86 Nev. 123, 466 P.2d 218 (1970). Where, as here, one venturer commits his property to the venture, but retains legal title in his own name, he holds

such property as trustee for the enterprise. *See* Lind v. Webber, *supra;* Kincaid v. Miller, 272 P.2d 276 (Colo. 1954); L. M. White Contracting Co. v. Tucson Rock & Sand Co., *supra;* Swarthout v. Gentry, 144 P.2d 38 (Cal.App. 1943). Thus, as trustee, respondent was required to account strictly to his coadventurer and could not, by reason of his possession of the property, enjoy an unfair advantage or have greater rights in the property than his coadventurer. *See* Granik v. Perry, 418 F.2d 832 (5th Cir. 1969); Lind v. Webber, *supra;* Kincaid v. Miller, *supra.*

When respondent breached his duty as trustee by appropriating the common property to his own use and realizing a profit therefrom, a proportional share of that profit inured to the benefit of appellant, Lind v. Webber, *supra,* and respondent holds those profits in a constructive trust for him. *See* Randono v. Turk, *supra;* Fitz-Gerald v. Hull, 237 S.W.2d 256 (Tex. 1951); L. M. White Contracting Co. v. Tucson Rock & Sand Co., *supra;* O'Bryan v. Bickett, 419 S.W.2d 726 (Ky.App. 1967).

The sole remaining issue, then, is the measure of profits respondent realized. In order to establish an adequate basis for determining the quantum of lost profits, appellant need only provide the best evidence available to him under the facts and circumstances of the case. *See* A To Z Rental, Inc. v. Wilson, 413 F.2d 899 (10th Cir. 1969); Long v. T-H Trucking Co., 486 P.2d 300 (Wash.App. 1971). *Cf.* Jim Mahoney, Inc. v. Galokee Corporation, 522 P.2d 428 (Kan. 1974); Dunseath v. Hallauer, 253 P.2d 408 (Wash. 1953); Stott v. Johnston, 229 P.2d 348 (Cal. 1951); Brown v. Homestake Exploration Corporation, 39 P.2d 168 (Mont. 1934).

Here, appellant produced a copy of the contract which respondent executed relative to his apartment purchase. The contract provided for respondent's purchase of the Lakes Apartments for a total price of $1,000,000. As down payment, respondent was to convey his Eastern and Viking property to the seller in exchange for a $210,000 credit against the total purchase price. The contract was signed and acknowledged by respondent after arm's length negotiations and, thus, constituted an admission that respondent had received $210,000 for his property and, further, that the $210,000 figure was valid and accurate. *See* Hull v. Sheehan, 239 P.2d 704 (Cal.App. 1952); Podesta v. Mehrten, 134 P.2d 38 (Cal.App. 1943). Furthermore, this figure was neither denied by respondent nor controverted by any other evidence. Indeed, if respondent had

controverting evidence, such evidence was peculiarly within his knowledge, and he should have offered it. *See* Duncan v. Essary, 392 P.2d 877 (Kan. 1964). In our view, this contract was the best evidence available and the $210,000 figure recited therein provided a sufficient basis for ascertaining the profits realized by respondent's unlawful transfer of the property. *Cf.* Eastman Co. v. Southern Photo Co., 273 U.S. 359 (1927); A To Z Rental, Inc. v. Wilson, *supra;* Jim Mahoney, Inc. v. Galokee Corporation, *supra.* The district court erred in refusing to use this figure to compute profits to which appellant was entitled. *Cf.* B. B. & S. Construction Co., Inc. v. Stone, 535 P.2d 271 (Alaska 1975); Brear v. Klinker Sand & Gravel Company, 374 P.2d 370 (Wash. 1962).

The amount of appellant's profits is computed as one-half the difference between the amount realized by respondent ($210,000) and the amount contributed to the joint venture by the parties ($60,000 in land, and $6,953.83 in planning expenses). Thus, appellant is entitled to $71,523.08, plus interest.

In addition to profits, appellant was entitled to, and the district court properly awarded, $6,953.83 in planning expenses, attorney's fees, costs, and interest. Accordingly, that portion of the judgment will not be disturbed.

The judgment is affirmed, as modified. *See* Jim Mahoney, Inc. v. Galokee Corporation, *supra.*

MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., and BEKO, D. J.,[1] concur.