[Civ. No. 20266. Second Dist., Div. One. Oct. 19, 1954.]

CARL A. FILE, Appellant, v. U. S. MACHINERY SUPPLY COMPANY (a Corporation) et al., Respondents.

Edward H. Blixt for Appellant.

A. W. Brunton for Respondents.

MOSK, J. pro tem.*—Failing to prevail on any one of his three causes of action in the trial court, plaintiff-appellant has appealed, alleging insufficiency of the evidence to support the judgment and errors in rulings on admissibility of certain offered evidence.

The first cause of action was based on fraud; the second on breach of express warranty; the third on violation of a price ceiling established pursuant to the National Defense Production Act. Appellant concedes his evidence was inadequate to sustain the third cause of action.

On August 14, 1951, appellant, who has operated a machine shop since 1940, purchased from respondent a device known as a centerless grinder for the sum of $7,500 plus $225 tax. Two written documents bearing that date were prepared, setting forth the terms of the sale, description of the machine, and related data. The first instrument was entitled ''Purchase Order Contract,'' and the second was a ''Conditional Sale Contract'' which was promptly assigned to and discounted by the Morris Plan, a lending agency.

Appellant claimed that he sought to purchase a used Filmatic grinder, a trade named machine; that respondent's representative William L. Spurlock, showed him a crated

*Assigned by Chairman of Judicial Council.

machine and orally assured him it was a Filmatic and was good enough to hold a minute tolerance in grinding; that he bought it on that first occasion. After signing the written instrument, in which the machine was identified by serial number but not by name or model, appellant discovered upon delivery that the machine was not a Filmatic. He claims to have protested promptly to Spurlock, who abruptly referred him to the written contracts. Upon subsequent use the machine was found to permit an unsatisfactory tolerance in grinding. When further representations were made to Spurlock, the latter agreed to pay for necessary repairs, and used William E. Delk, a mechanic selected by appellant. While the repairs were being made, appellant stated the machine was idle for more than a month, and during that period he lost a number of accounts and the profits therefrom. For those he sought money damages.

On the other hand, Spurlock asserted appellant inquired about a grinder, that he showed him an uncrated centerless grinder readily identifiable as not being a Filmatic, that appellant "crawled all over the machine" in inspection, that he returned a second time with another man before entering into the purchase contracts. Spurlock denied appellant ever protested about failure to deliver a Filmatic. He concedes some mechanical defects ' appeared in the grinder a short period after delivery, and upon insistence of appellant that his own mechanic, Delk, be engaged to perform the repair work, Spurlock agreed to and did hire Delk. After repair work on the machine was completed, Delk testified it was in good condition and remained so up to the time of trial.

The first contract guaranteed the machine for 60 days against "broken parts or not holding size," and gave the seller the right to make repairs or replacements. The second written contract stated that it contained the complete understanding of the parties, that no express warranties had been made, that the machine had been inspected and was in good condition, and that since it was understood the contract was being assigned to Morris Plan, the machine was received and acceptable. Appellant admitted he read the contract before he signed it.

■ Ordinarily where the parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident or mistake, be conclusively presumed that the writing contains the whole of the agreement between the parties. ■ If, therefore, such writing

contains no warranty at all, no warranty may be added by parol; if it contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge or modify that which the writing specifies. *(Germain Fruit Co.* v. *J. K. Armsby Co.,* 153 Cal. 585 [96 P. 319]; *United Iron Works* v. *Outer Harbor etc. Co.,* 168 Cal. 81 [141 P. 917].)

On the other hand, said the court in *Ferguson* v. *Koch,* 204 Cal. 342, 347 [268 P. 342, 58 A.L.R. 1176], "It is equally well settled, however, that a writing may be impeached for fraud, and a parol warranty really made may then be relied upon rather than the written one thus shown to be fraudulently imperfect or defective." Consequently if the appellant herein had been able to establish an oral warranty that the machine was a Filmatic, and fraud, he could have prevailed despite the written contracts which tended to exculpate respondent from any responsibility.

But the evidence here clearly does not preponderate in favor of appellant. Both parties concede that the grinder delivered and a Filmatic are distinguishable to the eye. Appellant, a man with 13 years' experience in a machine shop, testified that he asked to see a Filmatic grinder, that he was taken to a trucking dock for the sole purpose of seeing the machine, that he did not see it because it was crated, but nevertheless he entered into a binding $7,500 transaction immediately. It is difficult to believe a prudent business man would act that impulsively. Much more credible is respondents' version that appellant examined the grinder minutely on one occasion and returned a second time before purchasing it. Testimony of the deliveryman tended to corroborate respondents' claim that the machine was not crated. Any obligation to appellant for subsequent efficient performance of the machine was satisfied by prompt engagement of a mechanic of appellant's choice. Having himself selected the workman, appellant may not now complain that his performance was inexpeditious, resulting in financial loss.

Appellant protests against rulings of the trial court denying admissibility of certain evidence tending to show losses sustained. Some of his points appear to be well taken. However, it is unnecessary to consider this subject, since it bears only on the issue of damages, and appellant has not in the first instance cleared the hurdle of liability, which we find to be dispositive of the case.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.