[Civ. No. 33754. Second Dist., Div. Three. Sept. 22, 1969.]

GEORGE LACZKO, Plaintiff and Appellant, v. JULES MEYERS, INC., Defendant and Respondent.

Mazirow, Schneider & Forer, Thomas Schneider and Barry H. Lawrence for Plaintiff and Appellant.

Arkin & Weissman and Stuart N. Arkin for Defendant and Respondent.

COBEY, J.—On November 9, 1967, appellant purchased a used Cadillac from respondent. Its odometer then read 34,000 miles. About two months later appellant discovered that the car had been driven over 55,000 miles at the time respondent purchased it. This action for damages for fraud followed.

■ The appeal is from an order dismissing the action under Code of Civil Procedure section 581, subdivision 3, following the sustaining of a general demurrer, without leave to amend, to appellant's second amended complaint.

The basis of the demurrer was that the appellant's complaint did not state facts sufficient to constitute a cause of action because it incorporated the written purchase agreement between the parties and this agreement provided in effect among its conditions, which appellant separately signed, that it contained all the terms of the understanding between the parties, that appellant understood that no salesman had any authority to make any changes in the agreement, that no changes in it would be recognized unless they were in writing, that appellant agreed and understood that respondent made no representation as to the authenticity of the mileage shown on the speedometer, and that the car was sold on an "As Is" basis. Stated more briefly, the basis for the demurrer was that, in view of the foregoing terms of the written contract between the parties, the parol evidence rule barred proof of any cause of action for fraudulent misrepresentation of the mileage the car had gone at the time appellant purchased it from respondent.[1]

We find it unnecessary to decide whether by reason of the incorporation of the written agreement between the parties in the complaint appellant's cause of action for fraudulent misrepresentation was so barred. The complaint also alleged "that plaintiff [appellant] is informed and believes and in reliance thereon, alleges that the odometer was manipulated by the defendant [respondent] through its agents and employees in such manner to show an odometer reading of thirty four thousand (34,000) miles."

This alleged misconduct violates Vehicle Code section 28051, effective November 8, 1967, which then read: "It is unlawful for any person to disconnect, turn back, or reset the

[1]Strictly construed the complaint did not allege a misrepresentation in this respect. In it appellant mistakenly averred that respondent had represented to him that the car "had an odometer reading of thirty four thousand (34,000) miles and the odometer, in fact, so showed: . . . ."

odometer of any motor vehicle with the intent to reduce the number of miles indicated on the odometer gauge.''[2]

 A tort in essence is the breach of a nonconsensual duty owed another. Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself. Any injured member of the public for whose benefit the statute was enacted may bring the action. (See *Hudson* v. *Craft*, 33 Cal.2d 654, 660 [204 P.2d 1, 7 A.L.R.2d 696]; *Biakanja* v. *Irving*, 49 Cal.2d 647, 651 [320 P.2d 16, 65 A.L.R.2d 1358]; *Wetherton* v. *Growers Farm Labor Assn.*, 275 Cal.App.2d 168, 174 [79 Cal.Rptr. 543]; *McIvor* v. *Mercer-Fraser Co.*, 76 Cal.App.2d 247, 253-254 [172 P.2d 758].) We hold that respondent's breach of its statutory duty to appellant constituted an actionable tort.

The judgment is reversed. The trial court is directed to vacate its order sustaining the demurrer and to enter an order overruling the demurrer.

Schweitzer, J., and Allport, J., concurred.

---

[2]Furthermore Vehicle Code section 24007, subdivision (a) then read and now reads in relevant part:

''No dealer or person holding a retail seller's permit shall sell a . . . used motor vehicle which is not in compliance with the provisions of this code and department regulations adopted pursuant to this code . . . .''

Violations of this section and of section 28051 now constitute infractions. Formerly they were misdemeanors. (See Veh. Code Ann., § 40000.)

The 1968 amendments to Vehicle Code section 28051 were repealed in the 1969 session. They related only to new vehicles. (See Stats. 1968, ch. 1216, § 1; Stats. 1969, ch. 111, § 1.)