[Civ. No. 47016. Second Dist., Div. Five. Mar. 30, 1976.]

EGON MUNCHOW et al., Plaintiffs and Appellants, v.
EDWIN KRASZEWSKI et al., Defendants and Respondents.

**COUNSEL**

Charles J. Fleishman for Plaintiffs and Appellants.

Borah & Borah and Julius Borah for Defendants and Respondents.

**OPINION**

**HASTINGS, J.**—Plaintiffs, Egon and Anna Munchow, appeal from a judgment on the pleadings rendered in an action to recover damages for fraud. On February 24, 1972, plaintiffs filed a complaint naming Edwin Kraszewski, Al Puglisi, Jimmy Machen, Richard Stewart, William Felts, individually, and doing business as Pioneer Oldsmobile Co.,[1] Wyco Metal Products (Wyco), a corporation, and Forrest Weiss (Weiss), as defendants.

---

[1]We refer to all of these defendants as Pioneer Oldsmobile.

The first cause of action alleges that on or about February 1, 1972, plaintiffs entered into a contract with Pioneer Oldsmobile, a copy of which was incorporated into the complaint, to purchase a 1968 Buick automobile. The mileage of the automobile was represented to plaintiffs as being 48,855 miles on the date of purchase. The contract also contained the following statement: "No representations or warranties respecting the mileage on the said vehicle, or on the odometer, are made, and Pioneer Oldsmobile Co. expressly disclaims any warranty or representation as to the accuracy of the mileage on the odometer." Two days later, plaintiffs discovered that the representation as to the mileage of the automobile was false and that the odometer did not give a true reading of the actual mileage that the automobile had been driven. The automobile had in fact been driven far in excess of the mileage indicated on the odometer and the contract. The complaint further alleged that defendants (Pioneer Oldsmobile) knew, or should have known, that their representations as to the mileage of the car were false and that said representations were made to induce the plaintiffs to buy the car. Plaintiffs relied upon the representations, and would not have purchased the automobile at the price they paid had they known the true mileage. Actual damages were alleged to be $1,025, and plaintiffs requested in addition punitive damages.

The second cause of action alleged, in addition to the facts previously stated, that the prior owners and possessors of the car (Wyco and Weiss) sold it to defendant Pioneer Oldsmobile who then sold it to plaintiffs. At the time of the previous owners' sale of the car, the odometer showed the mileage to be in excess of 51,000 miles; however, Pioneer Oldsmobile had them sign a form indicating that the mileage of the car was only 48,000 miles; therefore, said defendants knowingly allowed the odometer on the vehicle to be changed.

The third cause of action alleges that Wyco and Weiss, who sold the car to Pioneer Oldsmobile who then sold it to the plaintiffs, changed the odometer reading so as to defraud all future purchasers of the car. The contract plaintiffs entered into with Pioneer Oldsmobile showed that the odometer reading on February 1, 1972, was 48,855.

The cause came on for trial on June 6, 1974, and at that time defendants moved the court for judgment on the pleadings and for the exclusion of any evidence offered by plaintiffs pertaining to the correct mileage on the odometer at the time of the sale of the car. The basis for

this motion was that the complaint incorporated the contract, and the contract contained the disclaimer. Therefore, any evidence relating to the mileage of the car was inadmissible under the parol evidence rule.

The contract between plaintiffs and Pioneer Oldsmobile, and evidence that the car had a mileage of 57,223 on November 29, 1971, was stipulated to for purposes of the motion objecting to the introduction of evidence. Plaintiffs further made an offer of proof that they bought the car on February 1, 1972, and on February 3d discovered that the mileage as stated in the contract was incorrect. Prior to purchasing the car on February 1, 1972, plaintiffs tried to cross out the disclaimer on the contract and were informed by the defendants at Pioneer Oldsmobile that they could not do this. Plaintiffs were shown documents purporting to be stock records of the history of the car from the time it was traded to the defendant Pioneer Oldsmobile on December 7, 1971, which showed that the mileage that appeared on the odometer on February 1, 1972, was correct. Plaintiffs were convinced by the representations as to the correctness of the mileage as it appeared on the contract and on the odometer of the car.

The court granted defendants' motion for judgment on the pleadings and for the exclusion of all evidence relating to the mileage of the vehicle. Plaintiffs appealed.

### DISPOSITION

*Laczko* v. *Jules Meyers, Inc.,* 276 Cal.App.2d 293 [80 Cal.Rptr. 798], is directly in point as to the third cause of action, and inferentially determines the issues raised by the first and second causes of action. Laczko, the plaintiff, purchased a used Cadillac from Jules Meyers, Inc. (Meyers). Its odometer then read 34,000 miles. About two months later Laczko discovered that the car had been driven 55,000 miles. His action for damages for fraud followed. The contract of purchase was incorporated into the complaint. One provision in the contract, in pertinent part, provided that Laczko agreed that Meyers had made no representation as to the authenticity of the mileage shown on the odometer, and that the car was sold on an "As Is" basis. Based on this clause, Meyers demurred on the ground that the complaint did not state a cause of action alleging the parol evidence rule barred proof of any cause of action for fraudulent misrepresentation concerning the car's mileage. The demurrer was sustained and Laczko appealed. In reversing, the court said on pages 294-295: "The complaint also alleged 'that plaintiff [appellant] is

informed and believes and in reliance thereon, alleges that the odometer was manipulated by the defendant [respondent] through its agents and employees in such manner to show an odometer reading of thirty four thousand (34,000) miles.' [¶] This alleged misconduct violates Vehicle Code section 28051, effective November 8, 1967, which then read: [2] 'It is unlawful for any person to disconnect, turn back, or reset the odometer of any motor vehicle with the intent to reduce the number of miles indicated on the odometer gauge.' [Fn. omitted.] [¶] A tort in essense is the breach of a nonconsensual duty owed another. Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself. Any injured member of the public for whose benefit the statute was enacted may bring the action. [Citations.] We hold that respondent's breach of its statutory duty to appellant constituted an actionable tort."

■ The third cause of action in the instant case specifically alleges defendants Wyco and Weiss changed the odometer to cause it to register lower than the actual mileage so as to defraud prospective buyers. This adequately pleads the misconduct defined in Vehicle Code section 28051. Under the law enunciated in *Laczko,* the court erred in ruling in favor of Wyco and Weiss on this cause of action.

The first and second causes of action pose different but related issues. ■ The first cause of action is only against Pioneer Oldsmobile. It does not specifically allege misconduct under Vehicle Code section 28051, but claims said defendant knew or should have known that its representations concerning the odometer were false. Vehicle Code section 24007 clearly places Pioneer Oldsmobile's conduct, as alleged, within the rule of *Laczko.*[3] In 1972 this section stated in pertinent part: "No dealer . . . holding a retail seller's permit shall sell a . . . used motor vehicle which is not in compliance with the provisions of this code . . . ."

Detailed comment on the second cause of action is unnecessary in view of the fact that we are remanding the case for trial on the issues. It broadly alleges conduct also inferentially condemned by sections 28051

---

[2]In 1973 (effective Sept. 25, 1973) this statute was amended to read: "It is unlawful for any person to disconnect, turn back, advance, or reset the odometer of any motor vehicle with the intent to alter the number of miles indicated on the odometer gauge."

[3]*Laczko* also cited this section by footnote to further substantiate its holding.

and 24007. The trial court, after hearing the evidence and arguments, will be in a better position to evaluate the legal effect of the pleading.

There is a line of cases, relied on by the defendants, emanating from *Bank of America etc. Assn.* v. *Pendergrass,* 4 Cal.2d 258 [48 P.2d 659],[4] which stands for the proposition that parol evidence to show fraud is inadmissible to show an oral promise directly at variance with a term of the contract. In *Bank of America* there was a promissory note which contained an unconditional promise to pay, and parol evidence of an oral promise of nonenforcement until the money came from a certain source was excluded.

In light of *Laczko, Bank of America* is obviously inapplicable. ■ Also, another line of cases more apposite with the instant case, holds that parol evidence is always admissible to prove fraud, including some circumstances where a purportedly fraudulently induced contract contains a relevant exculpatory clause, and that it was never intended that the parol evidence rule should be used as a shield to prevent the proof of fraud.[5]

The judgment is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.

---

[4]*Regus* v. *Gladstone Holmes, Inc.,* 207 Cal.App.2d 872, 876-877 [25 Cal.Rptr. 25]; *Bank of America* v. *Lamb Finance Co.,* 179 Cal.App.2d 498, 501-503 [3 Cal.Rptr. 877]; *Shyvers* v. *Mitchell,* 133 Cal.App.2d 569, 573-576 [284 P.2d 826]; *Newmark* v. *H and H Products Mfg. Co.,* 128 Cal.App.2d 35, 37-38 [274 P.2d 702]; and *Cobbs* v. *Cobbs,* 53 Cal.App.2d 780, 783-786 [128 P.2d 373].

[5]See *Simmons* v. *Ratterree Land Co.,* 217 Cal. 201, 205 [17 P.2d 727]; *Ferguson* v. *Koch,* 204 Cal. 342, 346-347 [268 P. 342, 58 A.L.R. 1176]; *Vogelsang* v. *Wolpert,* 227 Cal.App.2d 102, 122-123 [38 Cal.Rptr. 440]; *Lingsch* v. *Savage,* 213 Cal.App.2d 729, 740-742 [29 Cal.Rptr. 201, 8 A.L.R.3d 537]; *Richard* v. *Baker,* 141 Cal.App.2d 857, 861-865 [297 P.2d 674]; *File* v. *U.S. Machinery Supply Co.,* 128 Cal.App.2d 176, 179 [274 P.2d 913]; and *Morris* v. *Harbor Boat Building Co.,* 112 Cal.App.2d 882, 888-889 [247 P.2d 589].