[No. D022862. Fourth Dist., Div. One. July 31, 1995.]

ANGIE M., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ROBERT HIEMSTRA, Real Party in Interest.

COUNSEL

Mitchell S. Wagner for Petitioner.

No appearance for Respondent.

Neil, Dymott, Perkins, Brown & Frank and David G. Brown for Real Party in Interest.

OPINION

FROEHLICH, J.—Petitioner, Angie M. (Angie), seeks extraordinary relief after the trial court sustained real party in interest Robert Hiemstra's (Hiemstra) demurrer to her unlawful seduction/childhood sexual abuse and intentional infliction of emotional distress causes of action and granted a motion

to strike her claim for punitive damages. The primary question presented is whether a civil cause of action for unlawful seduction/sexual abuse can exist against a 48-year-old physician[1] who engages in sexual intercourse and orally copulates a minor female. Under the alleged facts, we conclude such a cause of action is stated. We further conclude Angie alleged sufficient facts to satisfy the "outrageous" conduct requirement for an intentional infliction of emotional distress cause of action. Finally, we conclude the court erred in striking Angie's claim for punitive damages and in failing to allow Angie leave to amend her intentional infliction of emotional distress claim to allege the extent and nature of her emotional distress.

## BACKGROUND

This action is generally based on allegations that Hiemstra, a 48-year-old physician, seduced Angie, a minor, into a meretricious relationship. In the original complaint Angie set forth causes of action entitled (1) unlawful seduction of, and relations with, a minor, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, and (4) battery. In addition to general and special damages, Angie sought punitive damages. Hiemstra demurred to all causes of action on the ground of uncertainty and moved to strike certain allegations including the claim for punitive damages.

The court sustained the defendant's demurrer to the first, second and third causes of action with leave to amend while overruling the demurrer to the fourth cause of action and denying the motion to strike. In explaining why it sustained the demurrer to the seduction cause of action, the court stated that no such cause of action exists in civil law and that the code sections allegedly violated were Penal Code sections giving rise to prosecution by the state. As to the cause of action for intentional infliction of emotional distress, the court stated that the gravamen of the cause of action was intent and that the pleadings were uncertain in that plaintiff pleaded negligence and intent and that a physician's fiduciary duty is to his patients not to a co-employee.

The first amended complaint alleged:

Angie is a female who at all times alleged in the complaint was a minor.

Hiemstra, at all times alleged, was 48 years old and a medical doctor employed by a service providing medical care for homebound patients.

[1]This case does not involve a physician/patient relationship or any breach of a health care provider's duties toward his or her patient. Rather, the fact the defendant is a medical doctor is only relevant to the extent it may affect the determination of whether Hiemstra's behavior would be considered "outrageous" for purposes of an intentional infliction of emotional distress cause of action or "despicable" for purposes of punitive damage allegations.

In about July 1993 the service employed Angie where she met Hiemstra for the first time.

About a week later, Hiemstra began inducing Angie into an "indecent relationship."

Hiemstra knew Angie's age and, by gaining her confidence, learned of her "dysfunctional family" background.

Hiemstra, particularly considering his medical training, knew, or should have reasonably known, that Angie, by virtue of her age, "dysfunctional family" background, and other "particular vulnerabilities" was "uniquely and especially susceptible to emotional and psychological harm from an illicit relationship" with him.

Hiemstra took advantage of his position of authority and of Angie's confidence in him to cause her to develop a dependent relationship on him "in much the manner of the phenomen[on] of 'transference' between a patient and his or her psychotherapist."

Hiemstra exploited Angie's vulnerability and her confidence to seduce her into a meretricious relationship which began in July 1993 and lasted until March 1994.

During this time Hiemstra (a) had sexual relations with Angie "virtually daily," (b) performed acts of oral copulation on Angie, (c) solicited Angie to perform acts of oral copulation on him which she refused to do, (d) provided Angie with "controlled and illicit substances and alcohol," (e) paid Angie to procure "illicit substances" for him, (f) took Angie to a place of nudity, namely Black's Beach, and (g) otherwise influenced Angie to participate in harmful activities.

Based on these allegations, Angie set forth causes of action entitled: (1) unlawful seduction of a person below the age of legal consent, childhood sexual abuse, and contributing to the delinquency of a minor; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) battery. She again sought punitive damages. Hiemstra demurred generally and specially on the basis of uncertainty as to the first and second causes of action and moved to strike punitive damages.

The court sustained the demurrer as to both causes of action without leave to amend and granted the motion to strike. As to the unlawful seduction/ sexual abuse cause of action, the court concluded it duplicated the fourth

cause of action for battery. As to the intentional infliction of emotional distress cause of action, the court concluded that Angie had failed to show any special relationship between the parties other than that of coworkers and that there were no facts showing Angie was susceptible to mental distress or Hiemstra knew of any susceptibility. The court further stated the elements of intent, causation and severe emotional distress were not facts in the pleading.

Upon Angie's petition for review, this court issued an alternative writ and held oral argument.

## DISCUSSION

### I

### *Standard of Review*

Normally, trial court orders made at the pleading stage are discretionary and interlocutory in nature. "Because they are seldom appealable until final judgment in the case, mandamus review will normally lie to control judicial discretion when that discretion has been abused. [Citation.]" (*La Jolla Village Homeowners' Assn.* v. *Superior Court* (1989) 212 Cal.App.3d 1131, 1140 [261 Cal.Rptr. 146].) As stated by a noted commentator on California law, courts increasingly use mandamus to review " 'abuse of discretion' " defined as "substantial error which is clearly prejudicial." (8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 93, pp. 730-732.) This is particularly so when the trial court has deprived a party of an opportunity to plead a substantial portion of the case and extraordinary relief may prevent a needless trial and reversal. (*Taylor* v. *Superior Court* (1979) 24 Cal.3d 890, 894 [157 Cal.Rptr. 693, 598 P.2d 854]; *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144, 148 [145 Cal.Rptr. 534, 577 P.2d 669].) We thus consider de novo whether the trial court, by granting the demurrer to the first and second causes of action without leave to amend and granting the motion to strike punitive damages, has erred in its rulings and prejudiced Angie by depriving her of a substantial portion of her case. (See *La Jolla Village Homeowners' Assn.* v. *Superior Court, supra,* 212 Cal.App.3d at p. 1140.)

### II

### *Unlawful Seduction of a Minor/Childhood Sexual Abuse Cause of Action*

A demurrer tests the sufficiency of the pleadings, the allegations of which must be accepted as true by the court for purposes of review.

(*Cellular Plus, Inc.* v. *Superior Court* (1993) 14 Cal.App.4th 1224, 1231 [18 Cal.Rptr.2d 308].) "[I]t is error for a court to sustain a demurrer where the allegations adequately state a cause of action under any legal theory." (*Ibid.*)

■ Hiemstra argues the demurrer to the unlawful seduction/sexual abuse cause of action was properly sustained without leave to amend because there is no liability under existing substantive law, i.e., there is no case or statute defining the alleged violation under civil law. The violations alleged may give rise to criminal prosecution but not to a civil action. Additionally, Hiemstra contends the unlawful seduction/sexual abuse cause of action is identical to and subsumed within the battery cause of action and Angie will therefore not be prejudiced by denial of the writ of mandate.

■ Civil actions lie in favor of crime victims. Violation of a criminal statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the criminal statute. (*Michael R.* v. *Jeffrey B.* (1984) 158 Cal.App.3d 1059, 1067 [205 Cal.Rptr. 312]; see also *Laczko* v. *Jules Meyers, Inc.* (1969) 276 Cal.App.2d 293, 295 [80 Cal.Rptr. 798]; see generally, 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 9, pp. 65-67.) Any injured member of the public for whose benefit the statute is enacted may bring an action. (*Michael R.* v. *Jeffrey B.*, *supra*, 158 Cal.App.3d at p. 1067; *Laczko* v. *Jules Meyers, Inc.*, *supra*, 276 Cal.App.2d at p. 295.)

■ In the unlawful seduction/sexual abuse cause of action, Angie alleges Hiemstra violated several Penal and Welfare and Institutions Code provisions including Penal Code[2] sections 261.5 (unlawful sexual intercourse with a minor) and 288a, subdivision (b)(1)[3] (oral copulation with a person under 18 years of age). She further cites Code of Civil Procedure sections 340 and 340.1 which set forth statutes of limitations for causes of action for "seduction of a person below the age of legal consent" and "childhood sexual abuse," respectively.

Section 261.5, subdivision (c) provides that "[a]ny person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony." "Unlawful sexual intercourse" is defined by subdivision (a) of section 261.5 as sexual intercourse with a minor who is not a spouse of the perpetrator. Section 288a, subdivision (b)(1) provides that any person who

---

[2]All statutory references are to the Penal Code unless otherwise specified.

[3]In the first amended complaint Angie refers to section 288, subdivision (b)(1). Section 288 has no subdivision (b)(1). The content of the first amended complaint makes it clear, however, Angie intended to cite section 288a, subdivision (b)(1).

participates in an act of oral copulation with a person under the age of 18 shall be punished either by imprisonment in state prison or in county jail. Through the enactment of sections 261.5 and 288a and multiple other penal statutes, the Legislature has evidenced a long-standing and consistent history of specifically protecting minors from sexual exploitation and predation. (See, e.g., §§ 273f [sending minor to immoral place], 288.2 [distribution of "harmful matter" regarding sexual conduct to minors], 309 [keeping minor in house of prostitution], 310.5 [contracting to pay minor for unlawful sex act], 311.1 [importation, publication, or distribution of matter depicting minor in sexual conduct].) There can be no doubt as to the strong public policy that underlies the Legislature's enactment of the multiple statutes directed at protecting minors from sexual exploitation.

Moreover, the Legislature has impliedly recognized a right to a civil action for "seduction of a person below the age of legal consent" and "childhood sexual abuse" by enacting statutes of limitation for such actions under Code of Civil Procedure sections 340 and 340.1, subdivision (b). The Legislature's intent to allow a civil action for violation of section 288a, subdivision (b)(1) is made abundantly clear where section 340.1, subdivision (b) specifically defines "childhood sexual abuse" to include acts prescribed by that section.

Angie, a minor at all times pertinent to the complaint, is clearly a member of the class which is to be protected by section 261.5, subdivision (c) and section 288a, subdivision (b)(1). According to the allegations, Hiemstra is at least 30 years older than Angie and engaged in "sexual relations" with and performed "oral copulation" on her. A cause of action for violation of section 261.5, subdivision (c) and section 288a, subdivision (b)(1) has therefore been stated.

Such a cause of action does not duplicate the battery cause of action. A cause of action for sexual battery under Civil Code section 1708.5 requires the batterer intend to cause a "harmful or offensive" contact and the batteree suffer a "sexually offensive contact." Moreover, the section is interpreted to require that the batteree did not consent to the contact. (BAJI No. 7.56 (8th ed. 1994 bound vol.) pp. 352-353.) Intent to cause offensive or harmful contact, offensive contact and lack of consent are not elements of the statutory violations alleged.

## III

### Intentional Infliction of Emotional Distress Cause of Action

Intentional infliction of emotional distress requires (1) "outrageous" conduct by the defendant, (2) that the defendant intend to cause (or recklessly disregard the probability of causing) emotional distress, (3) severe

emotional distress and (4) causation. (*Nally* v. *Grace Community Church* (1988) 47 Cal.3d 278, 300 [253 Cal.Rptr. 97, 763 P.2d 948].) "Outrageous" conduct is that which is so extreme that it exceeds all bounds usually tolerated in a civilized society. (*Ibid.*)

 Hiemstra argues the court was correct when it determined, as a matter of law, that Angie had failed to state facts sufficient to constitute a valid cause of action for intentional infliction of emotional distress. As discussed below, we conclude the court erred as to three of the elements but was correct that the complaint did not set forth sufficient facts to demonstrate Angie suffered severe emotional distress.

While Angie's amended complaint is conclusory, vague and far from a model of clarity, at a minimum it sets forth the following scenario. Hiemstra, a 48-year-old medical doctor, was employed by a medical service that later employed Angie, a minor, in some capacity. Shortly after Angie's employment, Hiemstra, with knowledge of Angie's age, initiated a sexual relationship with her which lasted approximately eight months and included "virtually daily" sexual relations, Hiemstra's performing oral copulation on Angie and Hiemstra's soliciting Angie to perform oral copulation on him. Hiemstra additionally provided Angie, a minor, with controlled and unlawful substances as well as alcohol, paid her to buy unlawful substances for him and took her to a nude beach.

As to the conduct element, the court erred when, as a matter of law, it found the allegations insufficient to constitute "outrageous" behavior. Assuming the correctness of the allegations, reasonable minds could certainly differ whether it is beyond the bounds of conduct to be tolerated in civilized society for a 48-year-old medical doctor to initiate and conduct an extended sexual relationship with a minor while encouraging her to break the law by providing her with alcohol and controlled substances and paying her to purchase such substances for him. Whether such alleged behavior is sufficiently extreme as to constitute "outrageous" behavior is properly determined by the fact finder after trial or possibly after discovery upon a motion for summary judgment.

The court was also incorrect in its apparent belief that Angie was required to allege facts showing a special relationship with Hiemstra or a special susceptibility on her part to emotional distress and Hiemstra's knowledge of such susceptibility. While these are factors that may be considered in determining whether conduct is "outrageous," they are not required elements of the tort. (See *Kiseskey* v. *Carpenters' Trust for So. California* (1983) 144 Cal.App.3d 222, 230 [192 Cal.Rptr. 492].)

As to the intent and causation elements, Angie alleged Hiemstra knew his conduct was substantially certain to cause her emotional distress or he acted in conscious disregard of the probability of causing such distress and as a result of his conduct she suffered psychological and emotional harm. Specifically, Angie alleged Hiemstra gained her confidence and learned of problems in her family background and that, by virtue of his medical background, he knew or should have known her age and background would make her especially susceptible to emotional harm from the relationship. Sufficient facts were alleged that Hiemstra knew or should have known his conduct could cause emotional distress and that his conduct caused such distress.

The court correctly determined that Angie failed to allege any facts showing she suffered "severe" emotional distress. Angie contends her only pleading error was that she simply failed to call her emotional distress severe. We disagree. Only emotional distress of "such substantial quantity or enduring quality" that an individual in civilized society should not be expected to endure it constitutes severe emotional distress. (*Kiseskey* v. *Carpenters' Trust for So. California*, *supra*, 144 Cal.App.3d at p. 231.) Angie has pleaded no facts demonstrating the nature, extent or duration of her alleged emotional distress.

■ Denial of leave to amend constitutes an abuse of discretion unless the complaint shows on its face it is incapable of amendment. (*McDonald* v. *Superior Court* (1986) 180 Cal.App.3d 297, 303 [225 Cal.Rptr. 394].) Liberality in permitting amendment is the rule, if a fair opportunity to correct any defect has not been given. (*Id.* at p. 304.) ■ The deficiencies in pleading the nature and extent of Angie's emotional distress appear to be easily corrected. Moreover, while the pleading in issue is the first amended complaint, the court did not specify any problems with Angie's pleadings as to the severity of emotional distress in its order granting the original demurrer with leave to amend. It was therefore an abuse of discretion for the court to deny leave to amend to allege specific facts sufficient to show the severity of Angie's alleged emotional distress.

IV

*Motion to Strike Punitive Damages*

A plaintiff may recover punitive damages in an action for the breach of an obligation not arising out of contract where the defendant has been guilty of oppression, fraud, or malice. (Civ. Code, § 3294, subd. (a).) "Malice" exists when the defendant intends to cause injury to the plaintiff or the defendant

engages in despicable conduct with willful and conscious disregard of the rights or safety of others. (Civ. Code, § 3294, subd. (c)(1).) "Oppression" exists when the defendant in conscious disregard of a person's rights engages in despicable conduct subjecting that person to cruel and unjust hardship. (Civ. Code, § 3294, subd. (c)(2).)

■ Hiemstra argues that something more than an intentional tort must be alleged to constitute a proper case for punitive damages. (See *G.D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22, 29 [122 Cal.Rptr. 218].) ■ Cases have long held that malice in fact is required rather than implied malice. (*Taylor* v. *Superior Court, supra,* 24 Cal.3d at p. 894.) However, malice does not require actual intent to harm. (*Id.* at p. 895.) Conscious disregard for the safety of another may be sufficient where the defendant is aware of the probable dangerous consequences of his or her conduct and he or she willfully fails to avoid such consequences. (*Id.* at pp. 895-896.) Malice may be proved either expressly through direct evidence or by implication through indirect evidence from which the jury draws inferences. (*Id.* at. p. 894.) ■ Considering Hiemstra's alleged inducement of Angie's trust, his alleged knowledge of her "dysfunctional family" background and other vulnerabilities, and his alleged knowledge, as a physician, that she was particularly susceptible to emotional harm, sufficient facts were alleged in the amended complaint as to defendant's conduct and his knowledge of its consequences to show willful and conscious disregard.

At oral argument Hiemstra's attorney argued that the court did not abuse its discretion because the behavior alleged was not sufficiently "despicable" to warrant imposition of punitive damages. The "despicable" reference was added to the punitive damage section by the 1987 Reform Act. (Stats. 1987, ch. 1498, § 5, pp. 5780-5781.) It was a new substantive limitation on punitive damage awards and refers to "circumstances that are 'base,' 'vile,' or 'contemptible.' " (*College Hospital Inc.* v. *Superior Court* (1994) 8 Cal.4th 704, 725 [34 Cal.Rptr.2d 898, 882 P.2d 894].) As amended, the statute now requires "despicable" conduct in addition to willful and conscious disregard for a plaintiff's interests. (*Ibid.*)

While "despicable" is a "powerful term" (8 Cal.4th at p. 725), Angie alleged behavior sufficient to withstand a motion to strike punitive damages. She alleged a tort for intentionally violating numerous criminal statutes as well as conduct sufficiently "outrageous" to state a cause of action for intentional infliction of emotional distress. It cannot be said as a matter of law that the alleged behavior was not so "vile," "base," or "contemptible" that it would not be "looked down upon and despised by ordinary decent people." (BAJI No.14.72.1 (8th ed. 1994 bound vol.) pp. 327-328.) A jury

should decide whether Hiemstra's alleged sexual relations with Angie and his alleged conduct with respect to drug and alcohol use were despicable enough to warrant the imposition of punitive damages.

The court's ruling deprived Angie of the very heart of her case and warrants relief by these extraordinary proceedings.

## DISPOSITION

Let a writ of mandate issue directing the court to vacate its order sustaining the demurrer without leave to amend and striking the punitive damages claim. The court is to issue a new order overruling the demurrer as to first cause of action, sustaining the demurrer as to the second cause of action with leave to amend and denying the motion to strike the claim for punitive damages.

Work, Acting P. J., and Haller, J., concurred.