Filed 1/5/16  Genthner v. City of Fresno CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEBBY GENTHNER, | F070039 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 14CECG00909) |
| CITY OF FRESNO, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Fresno County.  M. Bruce Smith, Judge.

Debby Genthner, in pro. per., for Plaintiff and Appellant.

Overstreet & Associates, David M. Overstreet, IV, and Rachelle T. Golden for Defendant and Respondent.

-ooOoo-

**INTRODUCTION**

Plaintiff Debby Genthner appeals from the trial court's order granting defendant the City of Fresno's (the City) demurrer without leave to amend and its motion for

attorney fees and costs. Plaintiff filed a civil suit against the City and a police officer with the Fresno Police Department based on multiple allegations of rape and other intentional bodily harm, harassment and stalking, theft of intellectual property, defamation, property damage, invasion of privacy, negligence, and negligent and intentional infliction of emotional distress. The trial court sustained the City's demurrer to the entire complaint without leave to amend.

On appeal, plaintiff contends there is a reasonable probability defects within her pleading can be cured, the City's motion for attorney fees was improperly granted, she was not notified of a hearing held by opposing counsel on the City's motion for attorney fees, and the trial court improperly denied her motion to issue an arrest warrant for the perpetrator of the alleged rapes. We find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2011, plaintiff filed a civil suit against the City and a third party, R.H., an officer with the Fresno Police Department. The basis of her complaint, which alleged 47 causes of action, involved multiple allegations of rape perpetrated by R.H. Plaintiff also alleged the Fresno Police Department surreptitiously monitored her telephone calls and computer activity, failed to investigate the rapes, stole and publicly released a private book she wrote and saved on her personal computer, and stalked and harassed her.

The City filed an unopposed demurrer to the complaint and a motion to strike as to punitive damages. The trial court granted the City's motion to strike without leave to amend, but sustained the City's demurrer with leave to amend for the following reasons: (1) all 47 causes of action were defective because no statutory basis for tort liability against the City, a public entity, was alleged; (2) all causes of action were uncertain; (3) some causes were time-barred on their face; (4) police have no general duty to investigate or warn citizens of potentially dangerous persons; and, (5) the majority of claims failed to state a cause of action.

2.

On August 29, 2011, plaintiff filed her first amended complaint. The City filed an unopposed demurrer to the amended complaint based on the same deficiencies in plaintiff's original complaint. The court granted the City's demurrer with leave to amend. Plaintiff did not file an amended complaint, so the court dismissed the complaint with prejudice.

On April 1, 2014, plaintiff filed another complaint against the City and R.H., alleging 17 causes of action. Nearly all of the claims in her 2014 complaint were identical to the claims made in her 2011 complaint. Plaintiff alleges she was raped in 2010 and 2013 by R.H. and other unknown men. She also alleges the Fresno Police Department failed to investigate the rapes, publicly released a copy of her book, stalked and harassed her, and placed viruses on her personal computer and laptop, rendering them inoperable.

On May 1, 2014, the City filed a demurrer, a motion to strike as to punitive damages, and a motion to deem plaintiff vexatious. The trial court sustained the demurrer without leave to amend for failure to state facts sufficient to constitute a cause of action, finding many of plaintiff's claims were barred by the statute of limitations or by the doctrines of res judicata and collateral estoppel. The City's motion to strike and motion to deem plaintiff vexatious were denied.

On July 28, 2014, the City filed a motion for reasonable attorney fees and costs.

On August 29, 2014, plaintiff filed a motion in opposition to the City's motion for attorney fees.

On September 20, 2014, the court granted the City's motion for attorney fees.

## DISCUSSION

Plaintiff argues on appeal the trial court erred in granting the City's demurrer to her complaint without leave to amend and the City's motion for attorney fees and costs. We disagree.

3.

We conduct a de novo review of a trial court's order sustaining a demurrer without leave to amend. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038.) A trial court abuses its discretion if the plaintiff makes a showing the pleading can be amended to overcome a defective pleading. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746.) This issue is reviewable on appeal even in the absence of a request for leave to amend. (Code Civ. Proc., § 472c; *Scott v. City of Indian Wells* (1972) 6 Cal.3d 541, 550.)

Where there is a reasonable possibility a plaintiff can amend to cure a defective pleading, we must reverse the judgment of dismissal and direct the trial court to vacate its order sustaining the defendant's demurrer without leave and to enter a new order sustaining the demurrer with leave to amend. (*Kong v. City of Hawaiian Gardens Redevelopment Agency*, *supra*, 108 Cal.App.4th at pp. 1047–1048.) However, where the trial court has not abused its discretion, we will affirm the judgment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

The arguments plaintiff makes on appeal are essentially the same as in her complaint. Rather than explaining how the complaint can be amended to state valid claims, plaintiff reasserts her allegations. As such, for the reasons set forth below, plaintiff has not demonstrated a reasonable probability her complaint can be amended to cure deficiencies identified by the trial court.

### A. Intentional Bodily Injury/Rape (First, Third, Fifth Causes of Action)

In plaintiff's first cause of action, she alleges on October 1, 2013, R.H. and other unknown individuals drugged and raped her in her sleep. Although the trial court did not specifically discuss the first cause of action in its ruling, it did address the City's liability with respect to plaintiff's claims of intentional bodily injury/rape:

> "[P]laintiff's intentional tort claims based on 'intentional bodily injury/rape' also fail to state a claim against the City. [T]hese causes of action appear to be based on the failure [of] the Fresno Police to investigate

4.

the alleged rapes, as well as their alleged failure to keep plaintiff informed of the results of the rape kits. She also alleges various other physical injuries allegedly caused by assaults by [R.H.] or other, unnamed third parties. However, she does not allege any facts that would indicate how the City can be held liable for the assaults committed by third parties."

On appeal, plaintiff contends the statutory basis for the City's liability falls under Government Code sections 815.3 and 815.6. However, section 815.3 applies to the liability of elected officials for intentional torts, and section 815.6, sets forth a public entity's liability for failure to perform a mandatory duty. R.H. is not an elected official pursuant to section 815.3 and plaintiff does not allege how the City owed her a mandatory duty under section 815.6.

Plaintiff also cites to various other statutes and cases, none of which impose a duty upon the City based on the allegations in this case. (See, e.g., Gov. Code, §§ 820.6 [public employee's liability for acting in good faith under apparent authority of an enactment that is invalid, inapplicable or unconstitutional]; 910 [setting forth the required contents of a claim presented to a public entity]; *People v. King* (2010) 183 Cal.App.4th 1281 [affirming defendant's conviction for sexual battery after he appealed challenging the sufficiency of the evidence and arguing he received ineffective assistance of counsel].)

Plaintiff does cite to *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 208 (*Mary M.*) and *Barsamian v. City of Kingsburg* (E.D.Cal. 2009) 597 F.Supp.2d 1054 (*Barsamian*) in her brief. In *Mary M.*, our Supreme Court discussed a public employer's liability for sexually assaultive conduct by a police officer. (*Mary M.*, at p. 210.) The *Mary M.* court determined a police officer was acting within the scope of employment when he raped a woman whom he had detained while he was on duty, in uniform, armed, and had accomplished the detention by activating the emergency lights on his patrol vehicle. (*Id.* at p. 221.) The court held when an on-duty officer abuses his official

5.

authority by sexually assaulting someone he has detained, "the public entity that employs him can be held vicariously liable." (*Ibid.*)

Similarly, in *Barsamian*, the court held genuine issues of material fact existed as to whether an on-duty uniformed officer was acting within the scope of employment when he received oral sex from a female whom he had counseled for narcotics addiction. (*Barsamian*, *supra*, 597 F.Supp.2d at p. 1071.) The victim sued the officer and the City of Kingsburg and moved for summary adjudication on the issue of whether the officer was acting within the scope of his employment when the sexual encounter occurred. (*Id.* at pp. 1061, 1067.) The court denied the plaintiff's motion, explaining a public entity employer may be liable for the tortious acts of its employees committed within the course and scope of employment, but "not every 'sexual assault' committed by an on-duty officer falls within the scope of employment." (*Id.* at pp. 1067, 1072.)

Here, plaintiff does not explain how *Mary M.* or *Barsamian* are relevant to her claim or how these cases cure the deficiencies in her complaint. She argues the basis of the City's liability arises from the Fresno Police Department's failure to investigate the alleged rapes and to inform plaintiff of the results of her sexual assault evidence collection kit (rape kit). However, *Mary M.* and *Barsamian* set forth a public entity's liability based upon the doctrine of respondeat superior. (*Mary M.*, *supra*, 54 Cal.3d at p. 221.) Plaintiff makes no argument the City is vicariously liable for acts committed by R.H. *in the course and scope of his employment*. For this reason, neither *Mary M.* nor *Barsamian* support her claim.

Even assuming plaintiff did allege the City was vicariously liable for R.H.'s alleged acts under the theory of respondeat superior, she does not explain how *Mary M.* or *Barsamian* are analogous to her claim. Plaintiff alleges R.H. is the perpetrator of the October 1, 2013, rape and explains her injuries resulting from the alleged rape. However, she does not allege any other facts in relation to the rape, such as whether R.H. was on duty when the incident occurred, if he was in uniform, drove a patrol vehicle, or

6.

displayed his badge or gun or, broadly, whether R.H. was acting within the scope of his employment. These facts are relevant because a public employer's vicarious liability for a sexual assault is premised upon an on-duty officer's misuse of authority by using his police power to accomplish the sexual assault. (*Mary M.*, *supra*, 54 Cal.3d at p. 221.) Although plaintiff need not allege specific facts, she provides no explanation as to how her complaint can be amended to state a cause of action against the City based on the holding in *Mary M.* and *Barsamian*.

Plaintiff also asserts claims against the City for alleged rapes on February 6, 2010, and on July 24, 2010. However, the trial court explained these claims are barred by collateral estoppel and res judicata because they were raised in plaintiff's 2011 complaint, which was dismissed with prejudice. "Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.)

Plaintiff provides no explanation as to how her complaint can be amended to overcome res judicata and collateral estoppel; thus, we will not infer a reasonable probability exists.

Plaintiff also alleges R.H. is directly liable for the October 1, 2013, rape in addition to the 2010 rapes. However, she offers no additional allegations to support the possibility of amendment of her complaint and no legal authority showing the viability of her cause of action against R.H. Specifically, plaintiff fails to set forth the common law or statutory basis from which R.H. may be held civilly liable for the alleged rape.

Government Code section 820, subdivision (a), which plaintiff discusses in her brief, provides "a public employee is liable for injury caused by his act or omission to the same extent as a private person." However, the statute does not specify the basis for plaintiff's civil claim against R.H. For example, a civil claim for sexual battery,

including rape, may be alleged pursuant to Civil Code section 1708.5.  Under this statute, a plaintiff's complaint must set forth facts alleging (1) the defendant intended to cause a "harmful or offensive" contact; (2) the batteree suffered a "sexually offensive contact"; and (3) the batteree did not consent to the contact.  (*Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1225.)  Plaintiff does not cite to Civil Code section 1708.5 or any other statutory or common law basis upon which she can state a valid claim against R.H.

Plaintiff has not demonstrated her complaint can be amended to overcome the foregoing deficiencies.

### B.    Negligence and Civil Rights Violations (Second, Fourth, Sixth, Ninth Causes of Action)

Plaintiff alleges the City was negligent because the Fresno Police Department failed to investigate her rape allegations, and either did not test her rape kits or did not inform her of the results.

The trial court held the City has no legally enforceable duty to investigate the alleged rapes, to protect plaintiff from future rapes, or to warn her of potentially dangerous persons.  (See *Von Batsch v. American Dist. Telegraph Co*. (1985) 175 Cal.App.3d 1111, 1122 [victim cannot recover from injuries arising from a crime police might have prevented, absent "a special relationship creating a special duty"]; *Denton v. City of Fullerton* (1991) 233 Cal.App.3d 1636, 1643 ["[t]he police have no general duty to warn citizens of potentially dangerous persons even when they are informed by another person or entity that such an individual presents a danger to others"].)

On appeal, plaintiff does not explain how the City owed her a duty to investigate or protect her from the alleged rapes.  Moreover, in her opening brief, she cites to cases supporting the trial court's holding.  (*Yonker v. City of San Gabriel* (1937) 23 Cal.App.2d 556 [liability of public entity or its agents must be statutorily defined]; *Adams v. City of Fremont* (1998) 68 Cal.App.4th 243, 279 [police are not liable for injuries caused by failure "'to respond to requests for assistance, the failure to investigate properly, or the

8.

failure to investigate at all, where the police had not induced reliance on a promise, express or implied, that they would provide protection'"].)

Plaintiff also asserts the Fresno Police Department owed her a duty to test and inform her of the results of her rape kits. Plaintiff contends rape kits were performed, but were either not tested or she was not informed of the results. Penal Code section 680, the Sexual Assault Victims' DNA Bill of Rights, sets forth victims' rights in relation to criminal investigations of sexual assault, including rape. It guarantees victims of sexual assault the right to DNA testing of their rape kits and to be informed of test results. (Pen. Code, § 680.)

Accepting her allegation as true, Penal Code section 680 does not sanction a civil remedy for a law enforcement agency's failure to fulfill its responsibilities under the statute. Instead, section 680, subdivision (j) provides "[t]he sole civil or criminal remedy available to a sexual assault victim … is standing to file a writ of mandamus to require compliance …." The trial court noted this in its ruling, explaining: "[S]ection 680 does not create any civil liability or a private right of action, even if the City failed to properly perform DNA testing on plaintiff's rape kit or failed to inform plaintiff of the results of the testing."

Further, plaintiff's claims in the second, fourth, sixth and ninth causes of action are identical to claims made in her January 2011 complaint. We agree with the trial court's finding these causes of action are barred by res judicata and collateral estoppel. (*Mycogen Corp. v. Monsanto Co.*, *supra*, 28 Cal.4th at p. 896.) Accordingly, plaintiff has not demonstrated a reasonable probability these deficiencies can be corrected.

### C. Stalking and Harassment (Tenth Cause of Action)

In the tenth cause of action, plaintiff alleges she has been stalked by the Fresno Police Department by police vehicles and helicopters that follow her, and the City is liable for allowing R.H. and other unknown individuals to stalk her.

Plaintiff alleges Penal Code section 646.9 as a basis for liability against the City. Section 646.9, subdivision (a) provides the following, in relevant part:

> "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear of his or her safety, or the safety or his or her immediate family is guilty of the crime of stalking …."

The trial court explained Penal Code section 646.9 applies to a person, not a public entity, and nothing in the language of the statute permits holding a public entity civilly liable for stalking. Plaintiff cites to various cases in support of her proposition that the City may be held liable for stalking and harassment. However, all of the cases plaintiff discusses involve stalking and harassment claims against individuals, not public entities. (See *People v. Heilman* (1994) 25 Cal.App.4th 391; *People v. McCray* (1997) 58 Cal.App.4th 159; *People v. Norman* (1999) 75 Cal.App.4th 1234.) We find no probability plaintiff's complaint can be amended to state a valid claim.

### D.     Intellectual Property Theft and Invasion of Privacy (Eleventh Cause of Action)

Plaintiff asserts R.H. and other unknown individuals hacked into her personal computer and downloaded a copy of her unpublished book, "How I Broke Free." She alleges the Fresno Police Department is showing her book to people to prevent her from getting legal and medical help, and to make "people jealous of [her] skill and abilities."

The trial court discussed the statute of limitations pursuant to a claim of theft of intellectual property. Under the Code of Civil Procedure section 339, subdivision 1, an action must be brought within two years from the date of discovery of the loss or damage. In her complaint, plaintiff alleges the theft of her book occurred in June 2006. However, she did not file her complaint until April 2014, well outside of the two-year limitation period.

10.

The trial court held even assuming plaintiff did not discover the theft in June 2006, she was at least aware of the incident since January 24, 2011, the date she filed her previous complaint where she alleged the same claim. Not only is this claim barred by res judicata and collateral estoppel as it was raised in plaintiff's 2011 complaint (see *Mycogen Corp. v. Monsanto Co.*, *supra*, 28 Cal.4th at p. 896), the claim is also barred by the statute of limitations. Plaintiff has not shown her complaint can be amended to cure these defects.

### E. Defamation, Libel, and Invasion of Privacy (Twelfth Cause of Action)

Based on the theft of her unpublished book, plaintiff also alleges claims for defamation, libel, and invasion of privacy. In plaintiff's 2011 complaint, she alleged the Fresno Police Department stole her book, placed it on a Web site for others to read and misappropriate, and based on this information, people acted in a negative manner toward her. Although her complaint was dismissed with prejudice, plaintiff asserts identical claims in her 2014 complaint. Because of the identical nature of her claims, the trial court determined they were barred by res judicata and collateral estoppel.

Plaintiff does not explain how her complaint can be amended to overcome res judicata and collateral with respect to these claims; therefore, we find no basis from which to infer she should be granted leave to amend.

### F. Property Damage (Thirteenth and Fourteenth Causes of Action)

Plaintiff contends a virus was maliciously placed on her computer and her laptop, rendering both inoperable. In her 2011 complaint, plaintiff also claimed her computer was damaged by a virus. As a result, the trial court held it was barred by collateral estoppel and res judicata. We agree.

Plaintiff's fourteenth cause of action states a claim for damages to her Dell laptop computer. The trial court held plaintiff alleged no facts demonstrating how the City was responsible for placing the virus on her laptop and plaintiff did not allege a statutory basis

11.

establishing how the City could be held liable.  Because plaintiff does not explain how her thirteenth and fourteenth causes of action can be amended to correct these deficiencies, we conclude an amendment would not be curative.

### G.     Defamation and Invasion of Privacy (Fifteenth Cause of Action)

Plaintiff asserts the Fresno Police Department has been listening to her calls for seven years, has prevented her from getting medical and legal help, and has blocked her from employment.  The court held this claim was previously alleged in plaintiff's 2011 complaint and was barred under collateral estoppel and res judicata.

On appeal, plaintiff fails to allege any facts or law that would correct the deficiencies in her complaint.  She simply asserts the Fresno Police Department has been listening to her calls and sabotaging her for years.  Even assuming new offenses occurred, plaintiff does not explain the statutory basis for the Fresno Police Department's liability for defamation.

She does cite to the California Constitution, article I, section 1 (the Privacy Initiative) in her brief, which creates a cause of action against a government entity's invasion of privacy.  However, a plaintiff's claim for invasion of privacy under state law must establish:  "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by [a] defendant constituting a serious invasion of privacy."  (*Ortiz v. Los Angeles Police Relief Assn.* (2002) 98 Cal.App.4th 1288, 1300.)  Plaintiff's complaint and appeal broadly assert the Fresno Police Department is monitoring her phone calls, but she fails to specify what legally cognizable privacy interest has been invaded.  Accordingly, plaintiff has set forth no basis from which we may conclude her complaint can be amended.

12.

### H. Intentional and Negligent Infliction of Emotional Distress (Sixteenth and Seventeenth Causes of Action)

Plaintiff alleges she suffered emotional distress because of the alleged rapes, the Fresno Police Department's failure to investigate the rapes, as well as its continuous monitoring of her phone and computer activity.

Although the trial court did not expressly state plaintiff's claims were barred by res judicata and collateral estoppel, it did find the claims of her phones and computers being monitored were raised in her 2011 complaint. The court also explained the City cannot be held liable for failing to investigate the alleged rapes, or failing to protect plaintiff from the alleged rapist. As such, plaintiff could not state a valid claim for emotional distress as a result of these alleged incidents.

On appeal, plaintiff claims R.H. and other unknown individuals are continually monitoring her phone, and collateral estoppel or res judicata does not bar new offenses. Even so, she does not provide a proper factual or statutory basis from which the City may be held liable for intentional or negligent infliction of emotional distress. We find no support for her argument defects in her complaint can be cured as a result.

### Conclusion

Plaintiff did not meet her threshold burden of showing a reasonable possibility deficiencies in her complaint can be cured. The majority of her claims were previously litigated and dismissed with prejudice, many claims are time-barred, and most claims fail to state a valid cause of action. Under these circumstances, we cannot infer the trial court abused its discretion in dismissing plaintiff's complaint without leave to amend, nor do we find the trial court erred in granting the City's motion for attorney fees and costs. Pursuant to Code of Civil Procedure section 1021.7, there was substantial evidence to support the court's determination plaintiff's action was not filed "in good faith and with reasonable cause." We find nothing in the record upon which plaintiff could base a good faith belief or reasonable cause to continue her action against the City once her 2011

13.

complaint was dismissed with prejudice. In addition, we agree with the trial court's determination plaintiff's failure to file any opposition to the demurrer, as well as her failure to respond to the City's request for discovery, support an inference of bad faith. The trial court did not abuse its discretion in granting the City's demurrer without leave to amend, nor did it err in granting the City's motion for reasonable attorney fees and costs.[1]

## DISPOSITION

The judgment is affirmed. Both parties shall bear their own costs.

_____
PEÑA, J.

WE CONCUR:


_____
GOMES, Acting P.J.


_____
DETJEN, J.

---

[1]Although plaintiff asserts she was not notified of the hearing on the City's motion for attorney fees, her motion in opposition was filed on August 29, 2014, and indicates the date, time, and location of the September 4, 2014, hearing.

With respect to plaintiff's ex parte motion to meet with Judge M. Bruce Smith to request the issuance of an arrest warrant for R.H., plaintiff does not specify what relief she is seeking from this court or how the issue is reviewable on appeal. Thus, we make no findings on this issue.

14.